## No. 11,973.

REAGAN *v.* DYRENFORTH ET AL.

(285 Pac. 775)

Decided February 24, 1930.

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiff in error.

Messrs. CRUMP & RILEY, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS writ of error is to review a judgment of the district court of the City and County of Denver, entered upon the verdict of a jury, assessing damages against the

plaintiff in error, Reagan, in the sum of $15,000 on account of malicious prosecution.

The plaintiff in error, John C. Reagan, will hereinafter be referred to as the defendant, and the defendants in error, Donald Dyrenforth, J. L. Towne, John N. Teets, John Mantel, Jacob Schoder and A. B. Trott, will hereinafter be referred to as the plaintiffs.

The defendant has assigned 43 errors, each of which, it is contended, is sufficient to necessitate a reversal herein. We shall limit this opinion to a discussion of one only, because this error is prejudicial and requires a reversal.

This suit is the result of a series of bitterly contested actions between the plaintiffs and the defendant, and their predecessors in interest; all of which actions arose in a controversy involving apex rights and ownership of ore.

The plaintiffs were a mining copartnership in possession of, and operating, the Victor mining claim in Gunnison county, Colorado. The defendant is now the owner of the Morning Star mining claim, in the same county and state, and during all the litigation herein mentioned has had or claimed some interest therein. These two claims adjoined, and a dispute arose between the parties over the ownership of a certain ore deposit, discovered by the plaintiffs on the Victor claim, and which extended into the Morning Star property, with both parties claiming apex rights. This controversy resulted in an action in the district court within and for the county of Gunnison, cause No. 1643 on the docket of that court, in which, the owner of the Morning Star property sought a determination of the ownership of this ore and injunctive relief as against the owners and operators of the Victor claim. The trial in that cause resulted favorably to the plaintiffs herein, and, upon review in this court, the judgment of the district court was affirmed. Subsequently, in the United States district court for the District of Colorado, the defendant caused two actions to be

commenced against these plaintiffs in which damages for their alleged trespass was sought. This court determined that there was no diversity of citizenship; dismissed these actions, and they are now pending on appeal in one of the appellate courts of the United States.

In April, 1923, the plaintiffs herein brought an action in the district court of Gunnison county, numbered 1710, asking further injunctive relief, and, in addition thereto, damages for the violation by the defendant of the injunctive decree in case No. 1643. The plaintiffs, upon trial of this last cause, No. 1710, dismissed, without prejudice, that part of their action seeking damages, and proceeded to trial solely on the question of their right to further injunctive relief. This trial resulted favorably to the plaintiffs herein. The plaintiffs thereupon began their action in the district court of Gunnison county, in which damages were sought from the defendant for malicious prosecution of this series of actions, this being cause No. 1733 on the docket of said court. The issues on the last mentioned case were completed, and the cause regularly set for trial upon its merits. On October 5, 1925, a jury was sworn, and thereupon the defendant moved for judgment on the pleadings.

Exhibit 6 herein is a transcript of the proceedings, in reference to this last mentioned motion, and while lengthy, its importance is such as to justify its quotation verbatim. Omitting the caption, and the opening paragraph, it is as follows:

"The Court: The motion of the defendant for judgment on the pleadings, is based on the insufficiency of the replication to make an issue on the allegations of the answer. It is, in effect, a demurrer to the replication, and so treating it as a demurrer to the replication, it will be sustained to that extent, and the plaintiffs will be allowed, if they elect to so do, to amend their replication. The motion for judgment on the pleadings will be denied, with leave to renew, if the defendant is so advised.

"Mr. Crump: Plaintiff now excepts to the ruling of

the court, and now asks to be permitted to amend the replication by interlineation, by inserting the following language: 'The plaintiffs specifically deny that any of the matters and things involved in this suit were tried, litigated or determined in the former action, and on the contrary allege that all of the damage and all of the items of damage resulting from the alleged wrongs, occurred and accrued upon dates subsequent to the 16th day of April, A. D. 1923.'

"The Court: I will allow the amendment.

"Mr. Crump: The suit to enjoin the defendant from further violating the former injunction and judgment according to the pleadings, was begun on the 16th day of April, 1923. At the trial of this action, the plaintiff will not claim or offer evidence in support of any damages resulting from the wrongful acts of the defendant which occurred prior to the 16th of April, 1923, but on the contrary, all claims for losses or damage, will have reference to losses and damage which occurred and accrued subsequent to that date.

"Mr. Hughes: Does counsel mean no evidence of damage arising from acts which occurred prior to the date he mentioned will be offered?

"Mr. Crump: No, I mean damage which occurred as a result of any acts for which suit could not have been brought on the 16th day of April, 1923.

"The Court: Is this the date upon which the judgment was entered?

"Mr. Crump: No, it is the date on which the action was brought.

"The Court: Was that the action in which you claim damages and injunctive relief?

"Mr. Crump: Yes, we could not, of course, claim damages that occurred prior to the commencement of the action.

"The Court: As I understand, then, you will not introduce evidence in support of damages on any matter on which you claimed damages in that complaint?

"Mr. Crump: Yes, that is it.

"The Court: But it will be independent acts for which you will be entitled to damages not mentioned in that complaint?

"Mr. Crump: No, it will be damages resulting from any wrongful acts set up in this complaint, which damages occurred and accrued subsequent to the commencement of this action.

"Mr. Hughes: Defendant would admit that plaintiff has a right to base an action on any acts which occurred subsequent to the date mentioned by counsel and might prove any damages which arose from acts committed by the defendant subsequent to said date.

"Mr. Crump: We ask to amend the replication by averring that all the acts complained of herein, occurred subsequent to the 16th day of April, 1923. Plaintiffs further allege that in the said former action, no question of damages was litigated, tried or determined, but on the contrary, with leave of Court, all claims for damages were withdrawn without prejudice.

"Mr. Hughes: As I understand the Court, he allowed this amendment?

"The Court: Yes.

"Mr. Hughes: Comes now the defendant, by his attorneys, Moynihan, Hughes, Knous and Fauber and respectfully moves the court that judgment on the pleadings be granted herein, and for the reason why said judgment should be granted, defendant states and alleges: That the replication herein filed by plaintiffs, as amended, admits that the exhibits A, B, C and D, being complaint, answer, replication and judgment, in case No. 1710 in the district court of Gunnison county, Colorado, are true and correct and that said pleadings and judgment were filed and entered in said cause; that said replication raises, as to the second answer filed by the defendant, no issue of fact, but only the issue of law, as to whether damages accruing subsequent to the filing of a complaint upon a cause of action, can be recovered in a

second case, relying upon the same cause of action, and that said replication raises no issue of fact whatsoever as to the second answer filed by the defendant, for which reasons the court should determine said issue of law at this time, as the same is raised upon the pleadings.

"The Court: Any act that you complained of in the original case, is res adjudicata. A judgment or decree binding upon the parties as to the facts which existed when it was rendered, is none the less binding because subsequent event have changed those facts; new evidence cannot change it, but only after the entry of judgment. Subsequent acts create a new legal obligation; the judgment may then no longer act as an estoppel to prevent a new suit on these new acts. This is based on the rule announced in Ruling Case Law which I read you, The request to amend will be granted.

"Mr. Hughes: So we may make our record, we object to the court's granting Mr. Crump's request, and ask that the court now enter judgment in favor of the defendant on the issues, as prayed.

"The Court: I would be willing to go this far, and no farther, to grant the judgment as asked, to the extent that this matter is res adjudicata.

"Mr. Crump: I do not think your Honor should make any order if the case is to be reformed.

"The Court: I think that is true, I will withdraw that order.

"Mr. Crump: I want the record to show that the plaintiffs request the withdrawal of a juror and a mistrial declared, without prejudice, and ask leave to withdraw the complaint in this cause.

"The Court: The court feels that under the state of the pleadings, that it could not do justice to anybody litigant in this cause; the court feels that the pleadings should be reformed, and for that reason, the application of the plaintiffs is granted, and I presume now, we better fix time. Better say this, then, that the defendant may

also have the right to reform his answer, to conform to the complaint, if he elects so to do.

"Mr. Hughes: We except to the ruling of the court in allowing the plaintiffs to reform the issues, and we further object and except to the ruling of the court, failing to pass upon or overrule our motion for a judgment at this time.

"The Court: I could not grant your motion for judgment on the pleadings at this time, because it would include the right of the plaintiffs under his statement, to claim damages for acts subsequent to the entry of judgment in case No. 1710. Your motion is too broad.

"Mr. Hughes: The court is correct.

"Mr. Crump: I think the plaintiffs should probably have thirty days to reform this complaint; the only thing I want to do is to get all the issues made before the April Term.

"The Court: The plaintiff is given thirty days; I think it would be better like this: You should have thirty days in which to file an answer and 15 days to otherwise plead."

The plaintiffs did not reform their complaint, but instead, filed with the clerk of the court a praecipe for dismissal of action No. 1733, without prejudice, and on July 27, 1926, after being in default for over eight months, they commenced their action in the district court of the City and County of Denver. The complaint in the Denver court was identical with the complaint in said cause No. 1733 in the district court of Gunnison county, excepting paragraph ten thereof, and in this paragraph only slight changes were made which require no special mention herein. The defendant filed a motion to dismiss this action, which motion, omitting caption and introductory parts, reads as follows:

"That these identical plaintiffs on or about the 21st day of February, A. D. 1924, filed a complaint in the district court, for the county of Gunnison and state of Colorado; that said action was docketed in said court as case

No. 1733, that the defendant herein was the defendant in said case; that the answer was filed therein by this defendant and a replication filed by the plaintiff. ' That on or about the 5th day of October, 1925, the defendant in said case moved for judgment on the pleadings, which said motion was based upon the fact that the replication filed by the plaintiffs admitted the truth of said matters set up in the answer and that said matters being true the proceedings and judgment in case No. 1710 in the district court of Gunnison county, Colorado, were res adjudicata, and that the same matters and facts and issues were involved in said case No. 1710 as in case No. 1733, and that final judgment had been entered in said case No. 1710.

''That argument was duly had upon said motion and that Hon. Straud M. Logan, one of the judges of the seventh judicial district, holding court in Gunnison county, Colorado, stated and found as a matter of law that the cause of action tried and determined and the judgment rendered in case No. 1710 in the district court of Gunnison county, Colorado, was and is res adjudicata as to the cause of action and the facts complained of in case No. 1733 in the district court of Gunnison county, Colorado. That thereupon the plaintiffs by their attorney S. D. Crump asked and were given permission to file an amended complaint, and the said S. D. Crump stated in open court that he could so amend his complaint as to state a different cause of acton than that stated in case No. 1710.

''That the complaint filed herein is the same and identical with the complaint filed in the case No. 1733 in the district court of Gunnison county, Colorado, in the following paragraphs: First, second, third, fourth, fifth, seventh, eighth, ninth, eleventh, and twelfth.

''That the tenth paragraph of each of two said complaints is in substance and effect the same, and that the tenth paragraph of the complaint filed herein does not state any facts, or cause of action different from the

facts of the cause of action attempted to be stated in the complaint filed in case No. 1733 in the district court of Gunnison county, Colorado.

"That the plaintiffs herein on or about the 16th day of July, A. D. 1926, dismissed that action No. 1733 in the district court of Gunnison county, Colorado, and instituted this action in the district court for the City and County of Denver, state of Colorado, and the said dismissal and institution of a new action in a different county was done for the sole and only purpose of avoiding the jurisdiction of the district court of Gunnison county, Colorado, and evading the orders of the Hon. Straud M. Logan, judge of the seventh judicial district and for the purpose of obtaining a rehearing before a different judge and in a different jurisdiction of the same and identical questions that were raised and determined in the district court of Gunnison county, Colorado, all in violation of the Code of Civil procedure of the state of Colorado, and in contempt of the district court of Gunnison county, state of Colorado."

The denial of this motion is the only error we shall consider in disposing of this cause.

We are not concerned with the correctness of the ruling of the district court of Gunnison county, in holding that certain elements of damage alleged in case No. 1710 was res judicata as to similar elements alleged in case No. 1733, for that ruling is not before us for consideration. It should, however, be borne in mind that the jury in No. 1733 was duly impaneled and sworn to try the issues in the cause, and then it was that the motion for judgment on the pleadings was interposed and argued. The ruling of the trial court was, to a major extent, adverse to the plaintiffs, and, in order to avoid the effect of this ruling, the plaintiffs then requested permission to withdraw a juror and have a mistrial declared. The reasonable interpretation of the language used by the plaintiffs is, that their request was for the purpose of allowing them to reform their complaint so that they might

thereby avoid the effect of this ruling of the trial court. The plaintiffs, in effect, stated that they desired only to amend their complaint, for they asked that the time for filing the amended complaint and pleadings thereto, be so limited as to permit them to have their case tried at the next succeeding term of the district court in Gunnison county.

The right to dismissal and nonsuit is governed by section 184 of the Code of Civil Procedure, C. L. 1921, and that portion of the section applicable to this case reads as follows:

"184. When action may be dismissed. Sec. 1. An action may be dismissed or a judgment of nonsuit entered, in the following cases:

"First—By the plaintiff himself, at any time before trial, upon the payment of costs, if a counterclaim has not been made. * * * *"

The motion for judgment on the pleadings was not made before, but during the trial. The trial had actually begun, and the plaintiff was not entitled to dismiss as a matter of right, but only as a matter of favor. In the case of *Empire Co. v. Herrick*, 22 Colo. App. 394, 398, 399, 124 Pac. 748, it was held that plaintiff had the right of dismissal before, but not during the trial. The following language was used by the court in the *Empire Co. v. Herrick* case, supra, concerning nonsuits, and is equally applicable to dismissals: "We think the appellant had no right under the Code to move for a nonsuit upon the trial, or during the course of the trial, and the court should have denied its motion. The phrase 'before trial,' as used in the first subdivision of sec. 183 (Rev. Code) does not mean before the conclusion of the trial, but before the commencement of the trial."

We further find in the opinion, this language: "The words 'before Trial' mean before the commencement of the trial."

There could be no contention in the instant case that the trial had not begun, and, under the plain meaning

of the Code, as well as the decisions of our courts, the plaintiffs were not entitled, as a matter of right, to dismiss the action.

It may be said that the plaintiffs did not attempt to dismiss their action upon the trial, but the result is the same as if they had, for, after persuading the trial court that justice could not be done the litigants under the pleadings as they then stood, the court permitted the withdrawal of a juror and declared a mistrial. The next step taken by the plaintiffs was the filing of a praecipe for dismissal with the clerk of the court.

█ The permission to withdraw a juror, and the declaration of a mistrial is a matter wholly within the discretion of the court, which discretion should be exercised only to prevent injustice.

In 38 Cyc. 1593, under the title of Trials, we find the following language concerning the right to withdraw jurors: "The withdrawal of a juror by direction or leave of court produces a mistrial and effects a continuance, * * *. A motion to withdraw a juror must be based on matters occurring at the trial, the granting of the motion being in the discretion of the court, which discretion is subject to review only in cases of abuse."

The authority cited by Cyc., supra, for the statement that the withdrawal of a juror is in the discretion of the court, is *Cattano v. Metropolitan St. Ry. Co.*, 173 N. Y. 565, 572, 66 N. E. 563, 565, wherein it is said: "Finally, however, the defendant's counsel moved to withdraw a juror on account of the improper observation, but the motion was denied and he excepted. * * * Leave to withdraw a juror is a favor, not a right, and has always been held to rest within the sound discretion of the court."

The court having granted their request to withdraw a juror and declare a mistrial, the plaintiffs now contend, placed their case in the identical position it would have occupied had there not been a jury sworn and the trial begun, and therefore, under subdivision first of sec-

tion 184 of the Code, supra, a dismissal was proper, and they were at liberty to choose a new forum in which to submit their matters for determination.

The method used to bring about this result is novel, and an exhaustive search on our part is fruitless in finding a parallel case. We have found many cases in which a juror has been withdrawn and a mistrial declared upon terms requiring the payment of costs, attorney's fees and like expenses. We see no reason why the court can not impose other conditions upon granting a mistrial, provided they are reasonable and just. The language used by the trial court is susceptible of but one construction, and that is that the mistrial was granted upon conditions; i.e., that the plaintiffs amend their complaint; that the defendant answer the complaint as amended, and when the issues were made, the case be again tried in that court. There is nothing to indicate that this permission would have been granted so that the plaintiffs could file the identical complaint in some other forum of coordinate jurisdiction. The action of the trial court relieves us of the necessity of determining what the rights of the plaintiffs might ordinarily be in the case of a mistrial; and the rules and decisions relative thereto are not applicable here.

The withdrawal of a juror and declaration of a mistrial at request of plaintiffs, with leave to amend their complaint and reform the issues, operates to deny the plaintiffs the right to thereafter dismiss their suit and file the same in another forum of inferior or coordinate jurisdiction.

The novel and circuitous route of the plaintiffs, in bringing about a dismissal, availed them nothing. The district court of the City and County of Denver should have granted the motion to dismiss, and its failure to do so was prejudicial error.

The judgment is reversed, and the cause remanded to the court below, with instructions to dismiss the action.

MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE BUTLER dissents.

MR. JUSTICE BUTLER dissenting.

Being unable to bring my views into accord with those of my brethren, the reasons that impel me to dissent will be stated.

1. The plaintiffs filed a praecipe for the dismissal of the Gunnison county suit without prejudice, as stated in the majority opinion, and the record shows that the suit was dismissed. Such dismissal was not a bar to the present action.

2. The plaintiffs had an absolute right to dismiss the suit, having paid the costs and no counterclaim having been filed. Code of Civil Procedure, §184. When one has such absolute right, his reasons for dismissing are immaterial. *In re Skinner & Eddy Corporation*, 265 U. S. 86, 44 Sup. Ct. 446, 68 L. Ed. 912. He may dismiss, at any time before trial, in order to avoid an adverse ruling either anticipated or already made (18 C. J., p. 1149), and for the purpose of bringing another suit for the same cause of action. He may bring another suit and dismiss it and bring still another. The abuse of that right may always be prevented by injunction. 14 R. C. L., p. 353. The Code should be liberally construed in favor of the right to dismiss without prejudice. *Houston & T. C. R. Co. v. McDade* (Tex. Civ. App.), 295 S. W. 318.

3. It is said that, while the plaintiffs had the right to dismiss before the trial commenced, that right ceased upon the commencement of the trial. But there was a mistrial, and a mistrial is equivalent to no trial. *Phelps v. Winona & St. Peter R. Co.*, 37 Minn. 485, 35 N. W. 273; *Hayden v. Maine Central R. Co.*, 118 Me. 442, 448, 108 Atl. 681; *State v. Young*, 55 N. D. 194, 212 N. W. 857; *Baird v. Chicago, R. I. & P. Ry. Co.*, 61 Ia. 359, 368, 13 N. W. 731, 16 N. W. 207. A mistrial is "an invalid or nugatory trial." *Illinois Oil Co. v. Grandstaff*, 118 Okl.

101, 103, 246 Pac. 832. It remits the case to the status of an untried case, and the plaintiff has the right to dismiss, the same as though there never had been a trial. *Phelps v. Winona & St. Peter R. Co., supra.* Even where a case has been tried, if a new trial is granted, the plaintiff may dismiss before the commencement of the second trial. *Hayden v. Maine Central R. Co., supra.* And he may dismiss even after a judgment has been rendered, where the judgment has been reversed and the cause remanded for a new trial. *Gardner v. Michigan Central R. Co.,* 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107; *Connecticut Fire Insurance Co. v. Manning,* 177 Fed. 893; *Bleckley v. White,* 98 Ga. 594, 25 S. E. 592; *Pence v. Gabbert,* 67 Mo. App. 493. And it has been held in those states where an appeal to a higher trial court operates to set aside the judgment of the lower trial court, that the plaintiff, having appealed from a judgment against him, may dismiss the case before trial in the upper court. *Goin v. Chute,* 126 Ore. 466, 260 Pac. 998, citing many cases; *Derick v. Taylor,* 171 Mass. 444, 50 N. E. 1038. *Denver & R. G. R. Co. v. Paonia Ditch Co.,* 49 Colo. 281, 112 Pac. 692, is not opposed to this view, for in that case it was held that an appeal to the district court from a judgment of the county court does not vacate the judgment, but merely suspends its execution until the district court otherwise orders. Of course a plaintiff cannot dismiss a case where there is a judgment standing against him. The Constitution protects persons against being twice put in jeopardy for the same offense. A person is in jeopardy when a valid indictment has been found, or a valid information has been filed, and a petit jury has been impaneled and sworn to try the case; and yet so effectually does a mistrial render a trial nugatory, that where a jury is discharged for sufficient cause and a mistrial ordered, the defendant is held not to have been in jeopardy, and therefore may be placed on trial a second time. *Simmons v. United States,* 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; *Thompson v. United States,* 155 U. S. 271, 15 Sup.

Ct. 73, 39 L. Ed. 146; *Dreyer v. Illinois,* 187 U. S. 71, 23 Sup. Ct. 28, 47 L. Ed. 79; *Keerl v. State of Montana,* 213 U. S. 135, 29 Sup. Ct. 469, 53 L. Ed. 734.

There having been a mistrial, is it not clear that the plaintiffs had the absolute right to dismiss their suit?

4. But it is said that the mistrial was ordered with the understanding that amendments were to be made, and there is nothing to indicate that permission to have a nonsuit entered "would have been granted so that the plaintiffs could file the identical complaint in some other forum of coordinate jurisdiction." And in the motion to dismiss it is said that counsel for the plaintiffs obtained the order of mistrial for the very purpose of obtaining a rehearing before a different judge. Counsel for the plaintiffs denies the intent imputed to him. He says: "When Judge Logan granted a mistrial, it was my firm intention to prepare and file an amended complaint. I worked many days in formulating a draft for an amended complaint. It was my desire and that of my clients to have the case tried in Gunnison county. It was only after repeated consultations that we later concluded to dismiss the action in Gunnison and file our complaint here. This was done solely because all of the plaintiffs save one were residents here. The expenses of going to Gunnison and trying the case there were great. Our clients had been worn down and impoverished by years of cruel litigation, and the only question was, how, if possible, they could recoup some of their losses. Believing, as I now believe, that a *mistrial* is *no* trial, I dismissed the pending cause." We have no sufficient reason to doubt the truth of that statement. The record shows that the dismissal was over nine months after the mistrial was ordered, a circumstance that lends credit to counsel's explanation. Besides, the trial court denied the motion in which counsel's motives were impugned.

The question, therefore, is narrowed to this: Should we reverse the judgment of the district court of Denver merely because months after the district court of Gunni-

son county granted the nonsuit on the supposition or understanding that the complaint was to be amended, the plaintiffs, instead of amending the complaint, dismissed their suit? In my opinion, neither reason nor authority justifies a reversal on such ground. The dismissal stands unless and until it is set aside in a proper proceeding and upon a sufficient showing. Even if counsel had been actuated by improper motives and had deliberately violated an order of court in dismissing the action—and such is not the case—the defendant should have applied to the district court of Gunnison county to have the dismissal set aside and the case reinstated, and, if successful, he then should have pleaded in the Denver action the pendency of the suit in Gunnison county. The Denver district court, in this case, had no power to set aside such dismissal and reinstate the former suit in the district court of Gunnison county. As it is, if an application for such relief had been made to the district court of Gunnison county, the record, in my opinion, does not disclose facts that would require, or even justify, such an order.

Twelve men, sitting as a jury, found that the plaintiffs had a just and meritorious case, and returned a verdict for $15,000 in their favor. The trial court, presided over by an able and experienced judge, put upon that verdict the stamp of approval by denying the motion for a new trial and ordering the entry of judgment on the verdict. That judgment should not be disturbed unless the law clearly requires such a course, and, in my opinion, the law does not even justify it.