No. 15,173.

PEOPLE EX REL. BAUER *v*. McCLOSKEY ET AL.

(150 P. [2d] 861)

Decided July 3, 1944.

Mr. JOHN J. MORRISSEY, Mr. WILLIAM H. SCOFIELD, Mr. HAROLD G. KING, for plaintiff in error.

Messrs. Irwin, O'Connell & Zarlengo, for defendants in error.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

This action was instituted by the People of the State of Colorado on the relation of Martha Bauer as plaintiff, against Willis Morris, the sheriff of Jefferson county, and the United States Fidelity and Guaranty Company, a corporation, surety on his official bond, to recover damages for the death of relator's husband, allegedly wrongfully caused by Ray McCloskey, a deputy sheriff, by the exercise of unreasonable and excessive force while engaged in his official duty to preserve the peace, and in the exercise of which he struck relator's husband, knocking him to the pavement and causing a fracture of his skull, which injury resulted in his death.

A motion to dismiss the action on the ground that the amended complaint failed to state a claim against the defendants upon which relief could be granted, was interposed by the latter. The court sustained the motion and, relator electing to stand on her complaint, entered judgment dismissing the action. Specifying this ruling as error, she brings the matter here for review.

The alleged insufficiency of the complaint to state a claim is in the allegations contained in the fifth paragraph of the amended complaint which is as follows: "Fifth: That heretofore and on, to wit, the 21st day of January, A.D. 1940, at about the hour of 2:00 o'clock A.M., the said George Bauer was leaving a resort commonly known as 'Rock Rest,' in said Jefferson county, and situated on the road commonly known as the 'Golden Road,' in said county, for the purpose of going to his home located west of said resort and near the same

road; that the said defendant Ray McCloskey was then and there deputized and stationed at said resort to conserve the public peace there at said resort and the territory adjacent thereto; that the said Ray McCloskey, hearing some of the loud remarks of the said George Bauer, made in his presence, which disturbed the peace of the place and while in the performance of his duties as special deputy sheriff and under color of his office and while maintaining peace and order in that vicinity, did unlawfully and wrongfully and with force and violence unnecessary to the performance of his duties and the maintenance of law and order at the time and place in question, strike the said George Bauer with such force and violence that he was knocked to the pavement with such force and violence that his skull was then and there fractured by reason whereof the said George Bauer thereafter and on, January 26, 1940, died; that the said Ray McCloskey in the performance of his duties as aforesaid used unnecessary force in carrying out his said duties at said time and place."

█ A complaint under the Code of Civil Procedure, to be invulnerable to attack by a general demurrer was required to contain allegations of ultimate facts constituting a cause of action. A complaint under the Rules of Civil Procedure, to be sufficient as a claim against a motion to dismiss is required to advise defendant of the nature of the relief sought against him and the grounds thereof. It is not a valid objection on such a motion that the grounds of recovery appear partly from allegations of fact and partly from allegations of legal conclusions of the pleader.

Rule 8 C (1) R.C.P. Colo., is as follows: "Each averment of a pleading shall be simple, concise, and direct. When a pleader is without direct knowledge, allegations may be made upon information and belief. No technical forms of pleading or motions are required. Pleadings otherwise meeting the requirements of these rules shall not be considered objectionable for failure to state ulti-

mate facts, as distinguished from conclusions of law." The corresponding Federal Rule 8 does not contain the second and fourth sentences contained in our rule; otherwise, it is the same.

■ The defense in law which defendants raised by their motion under our Rule 12 C (b) [6] is, "failure to state a *claim* upon which relief can be granted." While this motion may in some cases serve the purpose of a demurrer under the Code, and is analogous to it in some respects, it is not an identical attack. In relying on the case of *People v. Beach*, 49 Colo. 516, 113 Pac. 513, which arose and was determined in this court on a judgment of the district court dismissing plaintiff's complaint following the sustaining of a demurrer under the Code, defendants here assume the identity of the Code demurrer and the motion to dismiss for failure to state a claim upon which relief can be granted under the Rules of Civil Procedure. Two quotations from the opinion in that case will illustrate why it is not controlling.

"It is not enough, in an action of this kind, for the pleader generally to state that the officer is acting 'by virtue of, or under color of, his office,' or that the acts are of such a character as are authorized by law, or that the same constitute his official duty. These are merely conclusions of the pleader, and not statements of fact at all."

\* \* \*

"It is necessary here merely to say that the complaint is not sufficient, in that it signally fails to show, by proper averment of facts, although conclusions of law may be pleaded, that the acts charged against the deputy sheriff were done by virtue of or under color of his office."

■ In the complaint before us plaintiff alleges that defendant Morris was the duly qualified and acting sheriff; that he executed his official bond as required by law and that defendant, United States Fidelity and

Guaranty Company, a corporation, is surety on the bond; that McCloskey was a duly appointed deputy sheriff; that he was stationed at the "Rock Rest," a resort in Jefferson county, to conserve the peace there and in the territory adjacent thereto (an official duty under section 106, chapter 45, '35 C.S.A.); that the deputy heard loud remarks of decedent Bauer, which disturbed the peace of the place (a conclusion), that in the performance of his duties, and under color of his office and while maintaining peace and order in that vicinity (also conclusions), that he "unlawfully and wrongfully and with force and violence unnecessary to the performance of his duties [also conclusions]," struck the said George Bauer, etc. If the conclusions of law alleged, rather than the ultimate facts from which they flow, be accepted as not objectionable to support the claim, as we think they must be under Rule 8 C (1) supra, then the complaint is sufficient as against the motion to dismiss, and it was error for the court to sustain the motion and dismiss the action. That this is in accordance with the construction of the similar federal rule seems clear, for the effect of *Eberle v. Sinclair Prairie Oil Co.,* 35 F. Supp. 296, as stated in the syllabus is, that a complaint will not be dismissed "unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of claim, in view of means afforded defendant by federal rules to obtain speedy disposition of claim without foundation or substance."

The holding in *Sparks v. England,* 113 F. (2d) 579 is, "If it is conceivable that, under the allegations of his complaint, a plaintiff can, upon a trial, establish a case which would entitle him to the relief prayed for, a motion to dismiss for insufficiency of statement ought not to be granted."

In *Leimer v. State Mut. Life Assurance Co.,* 108 F. (2d) 302, the court had under consideration a motion similar to that in the instant case, and in the course of

the opinion, said: "In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12 (e) and thereafter applying for judgment on the pleadings under Rule 12 (h) (1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."

The judgment is reversed and the cause remanded for further proceeding in accordance with law.