## No. 16,006.

KIRCHHOF *v*. SHEETS ET AL.
(194 P. [2d] 320)

Decided May 3, 1948.   Rehearing denied May 24, 1948.

Mr. WALTER E. SCHWED, Mr. HERBERT J. NEWCOMB, for plaintiff in error.

Mr. CLAY R. APPLE, Mr. LEE J. WEST, for defendant in error Sheets.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

H. A. SHEETS, defendant in error, was plaintiff in the court below and we will hereinafter so refer to him. Plaintiff in error was one of the defendants and will be herein mentioned as defendant. Defendant in error, Clayton Coal Company, was a defendant below and reference will be made to it as the coal company.

Plaintiff sued defendant and the coal company, asking that the court declare him to be the owner of, and entitled to, royalty payments made by the coal company, as liquidated damages for the removal of subsurface support to his land, such royalties being paid to defendant under the terms of an unrecorded written contract. Plaintiff had judgment, and defendant brings the case

here, alleging that the court erred: (1) In refusing to grant his motion for a change of venue, and, (2) in overruling his motion to dismiss and for summary judgment.

October 28, 1944, plaintiff and defendant entered into a written contract whereby defendant agreed to sell, and plaintiff agreed to purchase, the surface rights in and to the northeast quarter of section sixteen, township one north, range sixty-eight west of the sixth principal meridian, Weld County, Colorado, subject to rights of way for ditches, roads, or railroads, existing or of record, and defendant agreed to convey fee simple title thereto by good and sufficient special warranty deed, free and clear of all liens and encumbrances, except general taxes for the year 1945 and subsequent years. The purchase price was $5,355.00, to be paid $1,000.00 in cash, and the balance in installments, and plaintiff went into possession of the premises. He agreed to pay all interest, taxes and assessments and to keep all buildings erected on the property insured in favor of the defendant.

October 15, 1938, defendant and the coal company entered into a written contract whereby the coal company agreed to pay to defendant one and a half cents per ton for each ton of coal mined and removed from beneath the surface of the above described land as damages thereto sustained by reason of such removal, and to compensate defendant, his heirs, legal representatives, successors and assigns for any future damage resulting therefrom.

The coal company continued to make royalty payments to defendant under the terms of its 1938 contract with him. Plaintiff alleged that he was entitled to said payments; that they belonged to him, and he asked the court to so declare.

Defendant's motions for change of venue and for dismissal and summary judgment were overruled and he elected to stand thereon. The coal company filed its answer, asking the court to determine to whom it should

make the royalty payments. At the conclusion of the case, which was tried to the court, judgment was entered for plaintiff.

I. Change of Venue. The complaint herein was filed in the district court of Weld county, January 6, 1947. January 27, 1947, defendant filed his motion for change of venue on the ground that this was a personal action and that he was served with summons in Denver. On the same date the coal company filed its answer and counterclaim. February 17, 1947, the company also filed its statement, that it "makes no objection to the venue of this action, nor does it object to the granting of the said motion of the defendant, Frank Kirchhof, it being immaterial to this defendant whether the action be tried in the District Court of Weld County, or in the District Court in and for the City and County of Denver." On the same date the court overruled the motion.

■ (a) Rule 98 (j), Rules of Civil Procedure, provides as follows: "Where there are two or more plaintiffs or defendants, the place of trial shall not be changed unless the motion is made by or with the consent of all of the plaintiffs or defendants, as the case may be." Consent, as used in the statute, supra, is not a mere acquiescence. It "is not a vacant or neutral attitude * * * It is affirmative in its nature." *De Klyn v. Gould,* 165 N. Y. 282, 59 N. E. 95. The coal company's statement, that so far as it was concerned the venue was " immaterial," did not constitute consent, and the trial court was right in overruling the motion.

■ ■ (b) This action involves the right to royalty payments to be made by the coal company as compensation for the removal of surface support to land from which it was removing coal. "The owner of the surface has a right to have the superincumbent soil supported from below in its natural state and * * * such right is an incident to the ownership of the surface." *Evans Fuel Co. v. Leyda,* 77 Colo. 356, 236 Pac. 1023. It is an interest in land, and the case was properly brought in Weld

county where the land is located. R. C. P. Colo., Rule 98 (a).

II. Motion to dismiss and for summary judgment.

■ (a) Motion to dismiss. It is contended that defendant's motion to dismiss should have been granted because the complaint failed to state a claim upon which relief could be granted. Plaintiff in his complaint alleged that he entered into a written contract with defendant October 28, 1944, for the purchase of certain land; that prior thereto, and on October 15, 1938, said defendant had entered into a contract with the coal company wherein and whereby certain royalty payments were being made to him by said company on account of subsurface damage to the land which he had contracted to buy, and he asked the court to adjudge and declare that he was entitled to all future royalty payments and that the same should be made to him. Defendant cites in support of his motion the case of *People ex rel. v. McClosky*, 112 Colo. 488, 150 P. (2d) 861. In that case, however, we said, inter alia:

"The holding in *Sparks v. England*, 113 F. (2d) 579 is, 'If it is conceivable that, under the allegations of his complaint, a plaintiff can, upon a trial, establish a case which would entitle him to the relief prayed for, a motion to dismiss for insufficiency of statement ought not to be granted.'

"In *Leimer v. State Mut. Life Assurance Co.*, 108 F. (2d) 302, the court had under consideration a motion similar to that in the instant case, and in the course of the opinion, said: 'In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12 (e) and thereafter applying for judgment on the pleadings under Rule 12 (h) (1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where

it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.' " Not only that, but plaintiff alleged in his complaint that he was entitled to receive royalty payments being made by the coal company to defendant on account of damage caused by mining and removing coal from the land he occupied and was purchasing under contract. Defendant did not answer. The allegations contained in plaintiff's complaint were not denied. Plaintiff asked for the only relief necessary to settle the controversy—the determination of the ownership of the royalties being paid by the coal company. It is obvious that the complaint stated a claim upon which relief could be granted, and that the motion to dismiss was properly overruled.

(b) Motion for summary judgment. It is claimed by defendant that his motion for summary judgment should have been granted for the reason that there was no genuine issue as to any material fact and that he was entitled to judgment against plaintiff and the coal company as a matter of law. He also contends that he is entitled to continue to collect royalties under the terms of his contract with the coal company, even though no exception was made of the same in the contract which he made with plaintiff. He covenanted to convey to plaintiff fee simple title by special warranty deed, the only exception being "general taxes for the year 1945 and subsequent taxes," which plaintiff assumed and agreed to pay. In the case of *Eriksen v. Whitescarver*, 57 Colo. 409, 411 (142 Pac. 413), we said: "The right of way for an irrigation ditch is an easement, and constitutes an incumbrance upon land subject to such easement. Plaintiff covenanted to convey her lots free and clear of such an incumbrance. The mere fact that defendant may have known of the existence of the ditch, at the time she signed the contract did not relieve the plaintiff from complying with her covenant respecting the character of the title she agreed to convey. To pro-

duce such result there must, in addition to notice, have been at least something in the transaction to show that the parties intended the incumbrance should be excluded from the operation of this covenant. The very purpose of the covenant was protection against defects in the title, and to hold that defendant was thereby only protected against unknown defects would rob the covenant of its value, besides destroying the force of its language. * * * Mere knowledge then of defendant, of the existence of the right of way for the ditch did not indicate even an intent on her part to treat this incumbrance as excluded from the covenant of plaintiff to convey free and clear of all incumbrance." (Citing cases).

In *Burt v. Rocky Mt. Fuel Co.,* 71 Colo. 205, 205 Pac. 741, plaintiff, in possession of premises under "agreement of purchase," brought suit against defendant for damages for the subsidence of her lot caused by its underground mining. At page 207, we said: "The agreement of purchase expressly refers to the reservations of coal and other mineral * * * but makes no reference to the immunity from liability for damages caused by mining. The only possible construction to be put upon this is intentional omission."

In the case of *Evans Fuel Co. v. Leyda, supra,* the following exceptions were contained in plaintiff's deed: " 'Provided always, and these presents are upon the express condition, that all coal, gas, oil or all other valuable mineral deposits, in or under said premises already, or which may hereafter be found, are reserved and excepted by the first parties hereto, together with the right of underground access thereto, and with full right to mine, remove and appropriate the same.' " In passing upon the questions involved in the case, we said, inter alia:

"It is also well established, by the great weight of authority, that the owner of the surface has a right to have the superincumbent soil supported from below in its natural state, and that such right is an incident to

the ownership of the surface. Washburn's Easements and Servitude, p. 631; 2 Snyder on Mines, §§1018, 1020, and 1021. In this state the right to surface support has been long recognized by statute. Section 3299, C. L. 1921, enacted in 1874, reads as follows: 'When the right to mine is in any case separate from the ownership or right of occupancy to the surface, the owner or rightful occupant of the surface may demand satisfactory security from the miner, and if it be refused may enjoin such miner from working until such security is given.'

\* \* \*

"From what we have said in the former cases, the right to surface support, in the absence of express or implied waiver, is an absolute right, and the owner of the surface estate has the right to demand this support even if, to that end, it becomes necessary to leave every foot of coal untouched under her estate, unless the subjacent owner gives security for damages. Section 3299, C. L. 1921."

▮ Plaintiff, by bringing this action, elected to receive the payments being made by the coal company under its contract with defendant, to which we have heretofore referred, in lieu of any right to damages by virtue of the subsidence of his land. Said damages are appurtenant to the land ('35 C.S.A., vol. 4, page 149, chapter 110, §189), and passed to plaintiff by reason of his contract with defendant. The payments thereunder in lieu of damages is a covenant running with the land.

In view of the foregoing, we are of the opinion that the judgment of the learned trial court was right, and accordingly it is affirmed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.