° **Janet HOWARD, Petitioner,**

v.

**The DISTRICT COURT, COUNTY OF JEFFERSON, Colorado, and The Honorable Winston W. Wolvington, one of the Judges thereof, and The District Court, County of Routt, Colorado, and The Honorable Richard Doucette, one of the Judges thereof, Respondents.**

**No. 83SA165.**

Supreme Court of Colorado,
En Banc.

April 9, 1984.

George Alan Holley & Associates, P.C., Dennis B. Polk, Golden, for petitioner.

Wood, Ris & Hames, P.C., Mark R. Davis, Joel N. Varnell, Denver, for respondents.

ROVIRA, Justice.

Petitioner, Janet Howard, filed this original proceeding under C.A.R. 21 seeking relief in the nature of prohibition and mandamus. She challenges the trial court's order granting a change of venue filed by two of the five defendants. We issued a rule to show cause and now make the rule absolute.

In February 1983 petitioner filed a complaint in Jefferson County alleging that she was injured in an accident in Steamboat Springs, County of Routt, Colorado. Named as defendants were Sheraton at Steamboat Corporation, a Delaware corporation (Sheraton), Ski-Time Square Enterprises, a Colorado joint venture (Ski-Time), Sombrero Ranches, Inc., a Colorado corporation (Sombrero), and two individuals, Pat Mantle and Beau Cooper. Service of process was obtained on Sheraton and Ski-Time in Routt County, on Mantle in Moffatt County, and on Sombrero in Boulder County. Cooper was not served.

On February 22, 1983, Sheraton and Ski-Time filed a motion to change venue to Routt County, pursuant to C.R.C.P.

---

98(c)(1).[1] They filed a memorandum brief in support of their motion on March 10, 1983; the petitioner responded with a brief in opposition on March 16; and Sheraton and Ski-Time submitted a reply brief on March 30. Finally, the petitioner filed a brief in response to the reply brief on April 8. All of the briefs dealt with C.R.C.P. 98(c)(1) and its application to the facts of this case.

On April 11, 1983, Sombrero and Mantle, who had not joined in the motion to change venue, filed an answer to the complaint. Three days later the respondent district judge of Jefferson County entered an order stating that he had examined the briefs and that oral argument was not necessary. He then granted the motion to change venue.

The rule to show cause was issued because of our concern whether C.R.C.P. 98(c)(1) had been properly applied to the facts of this case. However, since we are now advised that Sombrero and Mantle have filed an answer to the complaint, it is not necessary to consider C.R.C.P. 98(c)(1). Instead, we must consider the effect of C.R.C.P. 98(j) on these proceedings. This rule states: "Where there are two or more plaintiffs or defendants, the place of trial shall not be changed unless the motion is made by or with the consent of all the plaintiffs or defendants, as the case may be."

Under this rule all of the defendants must agree to the requested change of venue. Here, Sombrero and Mantle by filing an answer to the complaint have clearly demonstrated their acquiescence in the choice of venue by the petitioner. Their action forecloses any favorable consideration of the request by Sheraton and Ski-Time for change of venue pursuant to C.R.C.P. 98(c)(1). *See Kirchhof v. Sheets*, 118 Colo. 244, 194 P.2d 320 (1948). *See also Board of County Commissioners v. District Court*, 632 P.2d 1017 (Colo.1981).

The rule to show cause is made absolute.

1. "(c) **Venue for Tort, Contract, and Other Actions.** (1) Except as provided ..., an action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; or if the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the complaint, and if any defendant is about to depart from the state, such action may be tried in any county where plaintiff resides, or where defendant may be found and service had."