Drake TILLERY, Petitioner,

v.

The DISTRICT COURT In and For the FIFTH JUDICIAL DISTRICT, In the COUNTY OF SUMMIT, State of Colorado, the Honorable Richard H. Hart, District Court Judge; the District Court In and For the Second Judicial District, City and County of Denver, State of Colorado, the Honorable Gilbert A. Alexander, District Court Judge; Myrna C. Friedman, Inc., d/b/a Liftoff Ski Shop; Paul E. Hays, d/b/a Hays Real Estate; and Public Employees Retirement Association, a Colorado general partnership, d/b/a Georgian Square, Respondents.

Kenneth C. CRESSY, individually; Christine Z. Cressy, individually; and Kenneth C. Cressy and Christine Z. Cressy as next friends of Jennifer Cressy and Faye Cressy, Petitioners,

v.

The DISTRICT COURT, COUNTY OF DENVER, State of Colorado and the Honorable Warren O. Martin, one of the Judges thereof; and the District Court, County of Summit, State of Colorado, and the Honorable Richard H. Hart, one of the Judges thereof, Respondents.

Nos. 84SA255, 84SA261.

Supreme Court of Colorado, En Banc.

Dec. 17, 1984.

Steve C. Briggs, Hutchinson, Black, Hill, Buchanan & Cook, Boulder, for petitioner Tillery.

Stephen Hopkins, Long & Jaudon, P.C., Denver, for Dist. Court in and for Fifth Judicial Dist., County of Summit, Richard H. Hart, Dist. Court Judge, and Paul E. Hays, d/b/a Hays Real Estate.

Bradley Unkeless, Denver, for Myrna Friedman, Inc., d/b/a Liftoff Ski Shop.

Bonner E. Templeton, Law Firm of Thomas J. deMarino, Denver, for Public Employees Retirement Ass'n.

No appearance for Denver Dist. Court, respondents in No. 84SA255.

Jersey M. Green, Wagner & Waller, P.C., Englewood, for petitioners Cressy.

Roger F. Johnson, Johnson, Mahoney & Scott, P.C., Denver, for respondents in No. 84SA261.

DUBOFSKY, Justice.

In each of these cases brought under C.A.R. 21 we issued a rule to show cause why the case transferred from the district court in Denver to the district court in Summit County on a motion for change of venue should not be returned to Denver. Because the cases present similar questions regarding the procedure to be followed to correct an erroneous change of venue, we consider them together; however, because they arise in different factual contexts, the results are different. In *Tillery v. District Court*, we make the rule absolute in part and discharge it in part. In *Cressy v. District Court*, we make the rule absolute.

I.

A.

In No. 84SA255, the petitioner Drake Tillery, a Florida resident, filed in Denver district court a negligence action seeking damages for injuries sustained in an accident at a ski shop in Breckenridge, Summit County, Colorado. The petitioner named as defendants the shop, the property manag-

er, and the property owner. The property owner, the Public Employees' Retirement Association (PERA), a general partnership with its principal place of business in Denver, is the only defendant residing in Denver.

The property manager, Paul E. Hays, filed a motion to change venue to Summit County under C.R.C.P. 98(f).[1] In support of the motion, Hayes submitted affidavits of several witnesses stating that it would be inconvenient to appear in the Denver court. PERA joined Hays' motion for change of venue, but before the Denver district court ruled on the motion, the ski shop filed its answer to Tillery's complaint. The Denver district court granted the motion for change of venue, transferring the case to Summit County.

Before Tillery knew of the venue change, Hays and PERA filed answers to the complaint in Summit County district court. Tillery then moved the Summit County court for leave to dismiss the case without prejudice under C.R.C.P. 41(a)(2).[2] The petitioner indicated that she wished to pursue her claim in federal court rather than in state court. Hays and PERA opposed the petitioner's motion for leave to dismiss, arguing that a dismissal would cause their effort and expense in changing venue and answering the complaint to be wasted. The district court denied the petitioner's motion without comment.

Meanwhile, we decided *Howard v. District Court*, 678 P.2d 1020 (Colo.1984), holding that under C.R.C.P. 98(j)[3] co-defendants could not move for a change of venue on the basis that venue was improp-

---

1. C.R.C.P. 98(f) provides:

   The court may, on good cause shown, change the place of trial in the following cases: (1) When the county designated in the complaint is not the proper county; (2) when the convenience of witnesses and the ends of justice would be promoted by the change.

2. C.R.C.P. 41(a)(2) provides in relevant part:

   Except as provided in subsection (a)(1) of this subdivision of this Rule an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....

   Unless otherwise specified in the order, a dismissal under this subsection (2) is without prejudice....

   C.R.C.P. 41(a)(1) allows a plaintiff to dismiss an action without order of the court if the adverse party has not filed an answer or a motion for summary judgment.

3. C.R.C.P. 98(j) provides:

   Where there are two or more plaintiffs or defendants, the place of trial shall not be changed unless the motion is made by or with the consent of all the plaintiffs or defendants as the case may be.

er under C.R.C.P. 98(c)(1) [4] when at least one co-defendant had filed an answer in the court originally chosen by the plaintiff, thereby giving consent to venue in that court. On the basis of *Howard,* the petitioner filed a motion in the Summit County district court requesting that venue be transferred back to Denver, and a motion in the Denver district court requesting that the Denver court reconsider its transfer of venue to Summit County. The petitioner maintained that the ski shop's answer filed in Denver indicated a consent to venue in Denver and prevented a change of venue under C.R.C.P. 98(f). The Denver district court refused to rule on the motion to reconsider, maintaining that it no longer had jurisdiction over the case. The Summit County district court denied the petitioner's motion for remand, finding "no procedural framework" for such a remand after the granting of a motion for change of venue. Tillery then petitioned for a writ of mandamus against both district courts, requesting that venue be returned to Denver. In the alternative, she asks that the Summit County district court be directed to grant her motion for voluntary dismissal.

### B.

In No. 84SA261, the petitioners Kenneth and Christine Cressy filed in Denver district court a wrongful birth action grounded in negligence and breach of warranty against Dr. Aris M. Sophocles, Dr. James E. Oberheide, Breckenridge Medical Center and Saint Anthony Hospital Systems. Sophocles, Oberheide and Breckenridge Medical Center filed, shortly after they were served with the complaint, a motion to change venue to Summit County. Saint Anthony Hospital Systems filed an answer to the complaint in the Denver district court.

The motion for change of venue suggested that venue in Denver was improper under C.R.C.P. 98(c)(1) [5] because each of the three defendants joining the motion resided in Summit county and was served in Summit County, and because the cause of action arose from medical care rendered in Summit County. In fact, the record shows that Sophocles was served personally in Denver and that Breckenridge Medical Center was served in Denver through Sophocles as its registered agent.[6] At the time they filed the case, the petitioners resided in Denver. The affidavit of one of the petitioners, filed in opposition to the motion to change venue, asserted that Sophocles owned the Denver residence at which he was served and that he practiced and taught medicine in Denver. The Denver district court granted the three defendants' motion for change of venue to Summit County without comment. The petitioners filed two motions requesting the Denver County district court to reconsider its venue decision. The court did not act on either request, and the defendants who requested a change of venue have not answered the complaint in Summit County. The petitioners then sought a writ of mandamus against the Denver district court and the Summit County district court, requesting that venue be returned to Denver.

### II.

▮▮▮▮ We first address the procedure for a district court to follow in reconsidering an order granting a change of venue. In *Ranger Insurance Co. v. District Court,* 647 P.2d 1229 (Colo.1982), this court held that a district court may hear a timely motion to vacate its own order changing the venue of a case. The power to rehear its own motion, however, is limited to those cases in which the original grant of the change of venue was discretionary with the

---

**4.** C.R.C.P. 98(c)(1) provides in relevant part:
... [A tort or contract] action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county....

**5.** *See supra* note 4.

**6.** The affidavit accompanying the erroneous factual statement in the motion was signed by the attorney for Sophocles, Oberheide, and Breckenridge Medical Center.

trial court. If a change of venue is required by law because the suit originally was brought in an improper county, the trial court has no jurisdiction except to grant the change of venue. *Board of County Commissioners v. District Court,* 632 P.2d 1017, 1022 (Colo.1981). After a change of venue has been granted, the receiving court has jurisdiction for all purposes and may hear a motion for venue to be returned to the original court, on the basis that the change of venue was improperly granted.

▬ In a case in which the change of venue is discretionary with the original court, the original court should retain the court file for ten days to allow for reconsideration of the order changing venue, *Ranger Insurance Co.,* 647 P.2d at 1231 (eight days was reasonable time to allow original court to reconsider its venue ruling), before forwarding the file to the receiving court. After ten days, the original court loses jurisdiction to reconsider its order changing venue. Therefore, a motion for the original court to reconsider or vacate its initial discretionary order must be filed during the ten days before the original court forwards the case file to the receiving court.[7] *See Alexander v. Morrison-Knudsen,* 166 Colo. 118, 127–128, 444 P.2d 397, 402 (1968). This prevents the two courts from obtaining simultaneous jurisdiction over the issue of venue in a single case and keeps all paperwork with the court file. In cases in which the change of venue was discretionary with the original court, the receiving court may reconsider the change of venue, but its discretion should be informed by the decision of the original court.

▬ The Denver district court transferred Tillery's case to Summit County under C.R.C.P. 98(f)(2); transfer under C.R.C.P. 98(f)(2) is discretionary with the court, depending on the convenience of the witnesses and the ends of justice. Tillery claims that, under *Howard,* because one of the defendants had filed an answer to the complaint in the district court where the case originally was filed, it was not within the court's discretion to transfer the case. *Howard,* however, involved a request for a change of venue under C.R.C.P. 98(c)(1), which, under C.R.C.P. 98(j), requires the consent of all the defendants. A discretionary change of venue under C.R.C.P. 98(f)(2) is not restricted by the time of filing or by the necessity for the consent of all parties to the request. The Denver district court's transfer of venue for Tillery's case was within its discretion, and the Summit County district court was not required to remand the case to Denver. *See City of Cripple Creek v. Johns,* 177 Colo. 443, 494 P.2d 823 (1972).

▬ By contrast, if the original court changes the venue of an action on an improper basis, or without a basis, the receiving court must transfer the case back to the original court upon motion by any party. In Cressy's case, the Denver district court appears to have been misled by erroneous statements in the affidavit filed by the defendants' attorneys.[8] Despite the attorneys' statement on information and belief that Sophocles, Oberheide and Breckenridge Medical Center had all been served in Summit County, the returns of service on the summonses for Sophocles and the Breckenridge Medical Center indicate that they were both served in Denver.[9] In addi-

---

7. In Tillery's case, the Denver district court granted a discretionary change of venue on March 6, 1984. The petitioner did not file a motion for the Denver court to reconsider that ruling until April 24, 1984. The Denver district court correctly declined to rule on that motion, having lost jurisdiction of the case.

8. Although the attorney based his motion on C.R.C.P. 98(c)(1), his response to our order to show cause in effect concedes that venue was proper in Denver. He shifts the defendants'

approach to an argument that the affidavit implicitly provided a basis to change venue to Summit County under C.R.C.P. 98(f)(2) for the convenience of witnesses.

9. One basis for venue under C.R.C.P. 98(c)(1) provides that "an action shall be tried ... in the county where the plaintiff resides when service is made on the defendant in such county...." There is no question that the plaintiffs reside in Denver, and the record, as mentioned above, reveals that three of the defendants were served

**1084** ■

tion, because Saint Anthony Hospital Systems had filed its answer in Denver district court, under *Howard* the Denver district court could not change venue.

■ For a change of venue, the burden of proof is on the movant to demonstrate that the present venue is improper under C.R.C.P. 98(c) or that a change of venue is appropriate under C.R.C.P. 98(f)(2). *See Cliff v. Gleason,* 142 Colo. 500, 351 P.2d 394 (1960). A motion to change venue under C.R.C.P. 98(f)(2) must be supported by evidence indicating "the identity of the witnesses, the nature, materiality and admissibility of their testimony, and how the witnesses would be better accommodated by the requested change in venue." *Sampson v. District Court,* 197 Colo. 158, 590 P.2d 958, 959 (1979).

The defendants did not meet their burden in Cressy's case. They were not entitled to a change of venue under C.R.C.P. 98(c)(1). They made no showing under the standards delineated in *Sampson* that venue should be changed under C.R.C.P. 98(f)(2). Therefore, venue was improperly transferred to the Summit County district court, and that court is directed to return the action to the Denver district court for trial.

### III.

■ Petitioner Tillery also requests relief from the Summit County district court's refusal to grant her motion for leave to voluntarily dismiss her case without prejudice. C.R.C.P. 41(a)(1) provides that a voluntary dismissal will be granted automatically if the notice of dismissal is filed by the plaintiff before an adverse party files an answer or motion for summary judgment. In this case, the petitioner filed her motion to dismiss shortly after Hays and PERA filed their answers in Summit County. At that point, the motion to dismiss was governed by C.R.C.P. 41(a)(2), which allows an action to be dismissed "upon order of the court and upon such terms and conditions as the court deems proper."

■ C.R.C.P. 41(a)(2) is identical to the corresponding federal rule and the rules adopted by several other states, and both federal and state courts have held that the request for dismissal under 41(a)(2) generally should be granted unless a dismissal would result in legal prejudice to the defendant. *Hamilton v. Firestone Tire and Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976); *Sox v. Estes Express Lines,* 92 F.R.D. 71, 72 (D.S.C.1981); *Sherry v. Sherry,* 622 P.2d 960, 964 (Alaska 1981); *Petritz v. Albertsons, Inc.,* 608 P.2d 1089, 1092 (Mont.1980); *Gideon v. Bo-Mar Homes, Inc.,* 205 Kan. 321, 469 P.2d 272, 277 (1970); *Goodman v. Gordon,* 103 Ariz. 538, 447 P.2d 230, 232 (1968). A hearing may be required to determine whether the defendant will be prejudiced by the voluntary dismissal. *Gideon,* 469 P.2d at 277; *Monroe, Ltd. v. Central Telephone Co.,* 91 Nev. 450, 538 P.2d 152, 154 (1975). As terms and conditions of the dismissal, the trial court may award costs and fees to the defendant. *See LeCompte,* 528 F.2d at 603; *Petritz,* 608 P.2d at 1092; *Goodman,* 447 P.2d at 232; *Hoffman v. Berry,* 139 N.W.2d 529, 532 (N.D. 1966). Several courts have held that the mere fact that the plaintiff may bring the same suit against the same defendant later or in another court is not sufficient prejudice to the defendant to warrant denying the motion for dismissal. *See Hamilton,* 679 F.2d at 145; *Sox v. Estes Express Lines,* 92 F.R.D. at 73; *Lee-Moore Oil Co. v. Union Oil Co.,* 441 F.Supp. 730, 740 (M.D.N.C.1977), *rev'd on other grounds,* 599 F.2d 1299 (4th Cir.1979); *Gideon,* 469 P.2d at 277.

■ This court has never considered the amount of discretion given to a trial court by C.R.C.P. 41(a)(2). The rule in Colorado prior to the adoption of C.R.C.P. 41(a)(2) allowed a plaintiff to dismiss his case at any time before trial began. *See Reagan v. Dyrenforth,* 87 Colo. 126, 285 P.

---

in Denver. Therefore, Denver was one appropriate venue for this action, and the plaintiffs,

absent C.R.C.P. 98(f)(2) concerns, are entitled to their choice of venue.

775 (1930). C.R.C.P. 41(a)(2) is designed to prevent abuses of a plaintiff's right to dismiss, and to protect the plaintiff from an arbitrary decision by the trial court judge. Although the rule gives the court discretion to grant or deny a motion to dismiss, a plaintiff's motion to dismiss voluntarily without prejudice generally should be granted, unless granting the motion will cause some legal prejudice to the defendant.

■ In Tillery's case, the Summit County district court did not give reasons for its refusal to allow the petitioner to dismiss the complaint without prejudice. The defendants' opposition to the motion to dismiss did not indicate any legal prejudice that would result from a voluntary dismissal; the defendants stated only that they had incurred certain expenses in arguing the change of venue and preparing the answers to the complaint. The district court could require the costs and fees to be reimbursed as a condition of granting the motion to dismiss, although consideration should be given to the fact that the defendants may recoup some of the fees if they prepare an answer to the petitioner's complaint in federal court. The district court's denial of the petitioner's motion to dismiss in this case was an abuse of discretion. The court is directed to reconsider the motion to dismiss in light of the proper standard to be applied under Rule 41(a)(2) and to grant the petitioner's motion if no legal prejudice will result to the defendants.

### IV.

■ The Summit County district court has jurisdiction to reconsider the change of venue granted by the Denver County court in both cases. In *Cressy v. District Court*, the case should be returned to the Denver district court, as venue was improperly transferred from that court.[10] In *Tillery v. District Court*, the Summit County district court had discretion to refuse to remand the case to the Denver district court. In *Tillery*, however,

---

10. In *Cressy*, no motion to change venue back to Denver was filed with the Summit County dis-

we make the rule absolute with regard to the court's denial of the petitioner's motion for voluntary dismissal; the court is directed to reconsider its denial in light of the standards set forth in this opinion.

---

trict court, but our rule is made absolute as to that court to give full relief to the petitioners.