Val CHASE and Jerome Ellis, co-administrators of the Estate of William M. Blinn, deceased, Plaintiffs,

v.

William Edward WARE and Honeywell, Inc., a foreign corporation, Defendants.

Burt D. HUDDLESTON, Plaintiff,

v.

William Edward WARE, Defendant.

Civ. No. 6581.

United States District Court
N. D. Oklahoma.

March 22, 1967.

Hudson, Wheaton & Brett, Tulsa, Okl., for plaintiffs.

Farmer, Woolsey, Flippo & Bailey, Covington, Gibbon & Poe, Tulsa, Okl., for defendants.

ORDER

DAUGHERTY, District Judge.

After both defendants have answered herein the plaintiffs have moved to dismiss the case under Rule 41(a) (2), Federal Rules of Civil Procedure, 28 U.S. C.A. The defendant, Honeywell, Inc., objects to the Court allowing a voluntary dismissal of this case.

A motion by a plaintiff to dismiss under Rule 41(a) (2) after an answer has been filed rests in the sound discretion of the Court. Federal Practice and Procedure, Barron and Holtzoff, Volume 2B, Section 912, page 110. A plaintiff does not have an absolute right to dismiss, with the discretion of the Court running only to the terms and conditions of dismissal. Federal Practice and Procedure, Barron and Holtzoff, Volume 2B, Section 912, pages 111, 112; Moore v. C. R. Anthony Co., (Tenth Cir. 1950) 198 F.2d 607. It is not deemed necessary to have a hearing in connection

with this motion since the Court is quite familiar with the case and is fully advised in the premises. Federal Practice and Procedure, Barron and Holtzoff, Volume 2B, Section 912, page 113.

 The plaintiffs filed this case under one number and as one case in State Court. The case contained admitted separate and independent claims or causes of action on behalf of the plaintiffs. The case was timely removed to this Court. This Court refused to remand the case and in its discretion elected to retain the entire controversy since all claims arose out of the same one-car automobile accident.

The obvious probabilities are that if this case, which is now ready for pretrial and trial in this Court, is dismissed upon compliance with any terms and conditions which might be imposed, the two plaintiffs would then file separate cases in State Court, one of which could not be removed and one of which would be removed to this Court for disposition. To allow this obvious probability to ensue would result in a duplication of judicial effort, multiplicity of law suits and would be uneconomical as well as inconvenient to the defendants and the plaintiffs as well.

Moreover, to allow dismissal would delay the prompt and orderly administration of justice since this entire matter can be promptly disposed of in this Court and the delay caused by starting over, for all litigants, can be avoided. No prejudicial consequences are shown by the plaintiffs and none can be seen by the Court by this matter being disposed of in this Court. On the other hand, the defendants would be prejudiced by trying two separate cases involving the same accident.

Therefore, the Court, in its discretion, after proceeding to carefully consider the matter of the plaintiffs' Motion to Dismiss under Rule 41(a) (2), and endeavoring to insure substantial justice to all parties, finds that the plaintiffs' Motion to Dismiss should be denied.