Eileen KENNEDY, et al., etc., Plaintiffs,

v.

Louis J. NICASTRO, et al., Defendants.

No. 80C2820.

United States District Court,
N. D. Illinois, E. D.

Dec. 4, 1981.

Abraham Goldman, Chicago, Ill., for plaintiffs.

Barbara Altman, Reuben L. Hedlund, Hedlund, Hunter & Lynch, Chicago, Ill., for defendants.

SHADUR, District Judge.

Plaintiffs Eileen Kennedy and Frank Murphy filed this action as a claimed class action on behalf of the stockholders of Xcor International, Inc. ("Xcor") and as a claimed derivative action on behalf of Xcor. This Court's July 8, 1981 memorandum opinion and order, 517 F.Supp. 1157 (the "Opinion"):

> (1) dismissed plaintiffs' first five claims (all federal claims) with prejudice and
>
> (2) dismissed their sixth and final claim (a state law claim) without prejudice, granting plaintiffs leave to replead an appropriately condensed version on or before July 20.

On July 9 plaintiffs filed a motion for voluntary dismissal of the sixth claim pursuant to Fed.R.Civ.P. ("Rule") 41(a)(1). They simultaneously filed a notice of appeal from the dismissal of the federal claims. On August 31 our Court of Appeals dismissed that appeal, holding that a plaintiff could not properly dismiss *part* of a claim under Rule 41(a)(1). *Kennedy v. Nicastro*, No. 81–1392, 663 F.2d 1077 (7th Cir. Aug. 31, 1981).

Plaintiffs then moved alternatively that this Court:

> (1) make a Rule 54(b) determination as to the dismissal of Counts I to V;
>
> (2) reconsider the dismissal with prejudice of Counts I to V;
>
> (3) dismiss Count VI without prejudice under Rule 41(a)(2); or
>
> (4) permit plaintiffs either (a) to amend Counts I to V to cure technical defects and drop Count VI or (b) to amend Count VI "to add all parties and claims."

This Court orally denied requests 1, 2 and 4. Only plaintiffs' request to dismiss Count VI without prejudice pursuant to Rule 41(a)(2) remains at issue. In response, defendants have moved to dismiss Count VI *with* prejudice. For the reasons stated in this memorandum opinion and order both motions are denied.

### Plaintiffs' Motion To Dismiss Without Prejudice

■ Voluntary dismissal should be granted under Rule 41(a)(2) only if it will not unfairly prejudice an opposing party. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). But in this case plaintiffs' avowed reason for seeking dismissal without prejudice would seriously prejudice all defendants. Plaintiffs seek such leave to enable them to refile their sixth claim, based on state law, in state court. This Court cannot lend its assistance to that prospect.

Defendants have been put to enormous effort and expense[1] by plaintiffs' handling of this and related litigation. Because the fruits of those activities would not be transferable to another forum, it would be grossly unfair to subject defendants to plaintiffs' efforts to reinvent the wheel there. Indeed, given this Court's hard-won familiarity with plaintiffs' claims and the burdens of this action, it would also be a major misuse of judicial time to transfer the state law claim to a new judge now. *See, Ferguson v. Eakle*, 492 F.2d 26, 29–30 (3d Cir. 1974); *Chase v. Ware*, 41 F.R.D. 521, 522 (N.D.Okl. 1967).

---

1. Their responsive memorandum speaks of "hundreds of thousands of dollars," a figure this Court finds entirely credible from knowledge of its own involvement in the litigation.

Plaintiffs seek to buttress their proposal for a state court filing by stating their intention to add several new defendants whose presence in this Court would defeat diversity. That claimed justification must be viewed as pretextual, for plaintiffs were entirely free to have included the same defendants in their state law claim when they originally filed *this* action.[2] Absence of diversity was not critical then, because Count VI was sustainable as a claim pendent to the federal claims in the other counts. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Plaintiffs should not be permitted to use their late-found desire to embroil new defendants to avoid the obligation—imposed on them by the Opinion—to focus their sprawling allegations into a properly-pleaded complaint.

As the final arrow in their quiver, plaintiffs advance the threat that they will sue the new defendants separately in state court whether or not this Court dismisses the sixth claim. That *in terrorem* argument cannot override the Court's responsibility to protect the *present* defendants in Count VI against the prejudice already referred to.

### *Defendants' Motion for Dismissal with Prejudice*

■ Defendants seek to dismiss Count VI with prejudice under Rule 41(b). They point with distressing accuracy to plaintiffs' repeated abuses in this action. But it must be remembered that the occasion for defendants' current motion is plaintiffs' failure to comply with the Opinion's requirement that they file an amended Complaint by July 20, 1981. On that score:

(1) Plaintiffs' appeal was still pending before our Court of Appeals July 20. Plaintiffs' current motion followed soon after the appeal was dismissed August 31.

(2) Although plaintiffs have ultimately lost their current motion, it could be unduly formalistic to have forced them to plead over when it was at least possible that this Court might permit dismissal without prejudice.

In all candor this Court might well exercise its discretion as defendants urge by dismissing Count VI with prejudice. That result could be justified by the totality of plaintiffs' conduct, and it would be the easy way out of the thicket this case will undoubtedly continue to represent. But given plaintiffs' fiduciary responsibilities to their class, the Court finds such dismissal too harsh a sanction.[3] It will accord plaintiffs one last chance.

### *Conclusion*

Plaintiffs' motion for dismissal of Count VI without prejudice is denied. So too is defendants' motion for dismissal with prejudice. Plaintiffs are ordered to file an Amended Complaint in conformance with the Opinion on or before December 18, 1981, failing which Count VI *will* be dismissed *with* prejudice. Defendants are directed to answer or otherwise plead on or before January 8, 1982.

---

2.  At least one thing is made clear by plaintiffs' history of overblown pleading in this case, asserting every conceivable (or inconceivable) claim against every defendant they could sweep into the net. Their omission of the prospective new defendants from Count VI was not the result of a fine-tuned approach to the litigative process. It is a fair inference that plaintiffs did not consider themselves to have a state law claim against those omitted.

3.  After all this Court did not impose dismissal of Count VI as a sanction for plaintiffs' conduct before now, whatever the justification might have been. And it does not view the most recent motion, either of its own force or cumulatively, as triggering that result.