**PLANET INSURANCE
COMPANY, Plaintiff,**

v.

**F. Lee GRIFFITH, David D'Addario, Albert Paolini, Lawrence D'Addario, and Lawrence B. Schwartz, Co–Executors of the Estate of F. Francis D'Addario, Deceased; Vernon Burnidge, Executor of the Estate of Margaret Burnidge, Deceased; Gloria Gribbin Smejkal, Administratrix of the Estate of Ivan Smejkal, Deceased; Air Hi–Ho, Inc.; Hi–Ho Industries; D'Addario Industries, Environmental Waste Removal, Inc., and E.W.R., Inc., Defendants.**

No. 87 C 160.

United States District Court,
N.D. Illinois, E.D.

March 14, 1989.

David M. Agnew and Daniel J. Zollner, Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

John J. Kennelly, John J. Kennelly & Associates, Thomas F. Tobin, Baker & McKenzie, Kenneth C. Miller, Corboy & Demetrio, Chicago, Ill., Frank H. Granito, Jr., Speiser & Krause, New York City, and Susan P. Malone, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

This matter is before the court on two motions: the motion of plaintiff, Planet Insurance Company, to voluntarily dismiss this matter without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2); and the motion of defendant, Gloria Gribbin Smejkal, as Administratrix of the Estate of Ivan Smejkal, to transfer this matter to the U.S. District Court of Connecticut, pursuant to 28 U.S.C. § 1404(a). For the following reasons, both motions are denied.

## FACTS

This action is the result of the crash of an airplane on March 5, 1986 near Aurora, Illinois, which caused the death of all five persons on board. Currently pending in the Circuit Court of Cook County, Illinois, are wrongful death actions filed by the estates of four of the deceased. *Griffith v. Mitsubishi Aircraft International,* 86 L 12525; *Burnidge v. Air Hi–Ho, Inc.,* 88 L 2725; *Smejkal v. The Garrett Corporation,* 88 L 3630; *Klein v. Mitsubishi Aircraft International,* 88 L 2598. On January 7, 1987, Planet filed this action seeking a declaratory judgment that, under policy number BA–JU–046083 issued to Air Hi–Ho, Inc., Planet does not have a duty to defend against the wrongful death actions or to indemnify against losses or liability resulting from the plane crash. The defendants in this action include the plaintiffs in the underlying wrongful death actions. To deny coverage, Planet relies upon workmen's compensation and commercial purpose exclusions which it asserts are applicable in part through a "piercing the corporate veil" theory. As a result of this action, Smejkal, a plaintiff in one of the underlying wrongful death actions, filed a "second" wrongful death action including defendants who are not Planet's insureds.

Since this matter was filed, more than two years ago, the parties have filed numerous pleadings, including counterclaims by Smejkal, and have undertaken substantial discovery. Depositions have been completed and discovery is closed. Planet now seeks to voluntarily dismiss this matter without prejudice and without an assessment of costs or fees. The defendants strenuously object.

## DISCUSSION

Rule 41(a)(2) provides that:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Dismissal of an action without prejudice pursuant to Rule 41(a)(2) is left to the sound discretion of the court. *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980). The "basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 49 (1st Cir.1981) *quoting LeCompte v. Mr. Chip Inc.,* 528 F.2d 601, 604 (5th Cir.1976). Thus, discretion is abused where the defendant will suffer "plain legal prejudice" as a result of the dismissal. *U.S. v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.1986). The Seventh Circuit has enumerated the following as among the factors impacting upon whether a dismisal without prejudice will result in legal prejudice to the defendant:

[T]he defendant's effort and expense of preparation for trial, excessive delay and

lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant.

*Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969). These factors are simply a guide for the court in exercising its discretion, *Kovalic v. DEC International, Inc.,* 855 F.2d 471, 474 (7th Cir.1988) (not all factors need be present), as other circuits reference different factors as evidencing legal prejudice. *See Selas Corp. of America v. Wilshire Oil Company of Texas,* 57 F.R.D. 3, 5–6 (E.D.Penn.1972) *quoting Harvey Aluminum, Inc. v. American Cyanamid Co.,* 15 F.R.D. 14, 18 (S.D. N.Y.1953).

Dismissals are granted under the terms and conditions necessary to protect other parties from prejudice. *Victorian Beauty Supply, Inc. v. La Maur, Inc.,* 98 F.R.D. 306, 309 (N.D.Ill.1983). Dismissals have been granted with prejudice, even where the defendant did not object to a motion to dismiss without prejudice. *See Koefoot v. American College of Surgeons,* 652 F.Supp. 882, 893–94 (N.D.Ill.1986). If the dismissal is without prejudice, a common condition is the payment of the other party's costs or fees. *United States v. Outboard Marine Corp.,* 104 F.R.D. 405, 413 (N.D.Ill.1984) *aff'd* 789 F.2d 497 (7th Cir. 1986).

■ Based upon an examination of the relevant factors and its knowledge of the case, the court concludes that a dismissal without prejudice and without the award of costs and fees would be improper as it would expose the defendants to legal prejudice. *See Puerto Rico,* 668 F.2d at 51 (hearing not necessary).

The court rejects Planet's assertion that, merely because a pretrial order has not been prepared and no final pretrial conference or trial date has been scheduled, the defendants have not expended any effort or expense in preparation for trial. An eight page docket sheet is testimony to the numerous pleadings and substantial discovery involved over the more than two year life of this case. Discovery is now closed and in defendants' view this case is ripe for adjudication on the issue of coverage.

Planet's stipulation that evidence discovered in this case may be utilized in any subsequent action does not eliminate prejudice to the defendants. Although the exact amount is not before the court, defendants have undoubtedly incurred substantial fees, expenses and costs in this matter. Moreover, defendants' strenuous objections to dismissal without prejudice based upon the impact of this declaratory action on their wrongful death actions must be given due consideration. The court is cognizant that an insurer's dispute of coverage both gives the insurer greater leverage in negotiating any settlements in an underlying action and, as a consequence, may affect the progress of that action. Planet's explanation for the need to take a dismissal causes the court to give even greater weight to the prejudice to the defendants which would result if Planet is allowed to dismiss without prejudice, free to bring this action again, leaving the specter of a continuing coverage dispute over the underlying wrongful death actions.

Planet essentially claims that it does not want this action to hinder the defense of the underlying wrongful death actions. This consideration and the related reasons advanced by Planet were either present two years ago, at the time the action was filed, or have been present for over a year. That discovery in an underlying action might indicate potential causes of the plane crash is something Planet must have known at the time it filed its action. Similarly, any impact upon Smejkal's second action is not a credible reason for dismissal at this time, as it has been pending for over a year. In any event, Smejkal's second action was a natural reaction to Planet's denial of coverage and the need to look to other defendants in the event coverage did not exist. If Planet wished to defer this insurance dispute until resolution of the underlying actions, it should have delayed filing this action or at least not waited two years to dismiss it.

Planet refers to the good faith basis for filing this action—its conclusion, based upon newspaper articles and statements made shortly after the crash, that the flight had a commercial purpose and three of the deceased were employees of related companies. Planet now admits that it was wrong. Though Planet addresses this inaccuracy in the context of the propriety of an award of costs or fees, the court cannot ignore it as a reason why Planet now seeks dismissal. After enjoying the benefits of a pending action disputing coverage, Planet does not want to be faced with an adverse decision in its action and the resulting decrease in its settlement leverage. *See Kennedy v. Nicastro,* 94 F.R.D. 30, 32 (N.D.Ill. 1981) (justification of need to dismiss federal action to add new defendants in state action, whose presence would defeat diversity, held pretextual where defendants could have been included in federal action as originally filed under principle of pendent jurisdiction). If the coverage exclusions do not apply, defendants, after two years, are entitled to such a determination.

Ordering Planet to pay defendant's costs and fees would not cure the prejudice to the defendants resulting from a dismissal without prejudice. Any costs and fees awarded would be dwarfed by the prejudice caused to the defendants, if this action is not well founded, has delayed their wrongful death actions, and coverage exits under the $7 million policy.

Finally, there are Smejkal's counterclaims alleging bad faith denial of coverage. Dismissal of the entire action, including the counterclaims, would prejudice Smejkal. Preservation of the counterclaims alone is not a solution. A prerequisite to resolving the counterclaims is determining the applicability of the exclusions upon which Planet seeks to deny coverage. *See Tyco Laboratories,* 627 F.2d at 56 *citing Selas Corp. of America v. Wilshire Oil Co. of Texas,* 57 F.R.D. 3, 6–7 (E.D. Penn.1972) (dismissal without prejudice denied because it would preclude malicious presecution counterclaim). The court will dismiss this matter only on the condition that it is with prejudice.

Smejkal's motion to transfer is also denied, for some of the very same reasons

dismissal was denied. In addition to meeting the requirements of jurisdiction and venue, the transfer must be "(f)or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a); *see Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 n. 3 (7th Cir. 1986). If transfer was ever appropriate, Smejkal's motion is belated as any inconvenience is largely in the past. This action has been pending for more than two years. Numerous pleadings have been filed. Discovery has been substantial and is now closed. Finally, the court cannot ignore the objections of all other parties to transfer and the presence of the underlying actions in the state circuit court within this district as indications of the convenience of this venue.

### CONCLUSION

Planet's motion to voluntarily dismiss without prejudice is denied. The court will dismiss this matter only on the condition that it is with prejudice. Planet, if it desires to dismiss this matter with prejudice, must so move within 7 days. Smejkal's motion to transfer is denied. In the event Planet choses not to dismiss this matter with prejudice, any motions for summary judgment must be filed within 35 days. Response are to be filed within 14 days thereafter and replies within 7 days thereafter.

IT IS SO ORDERED.