**Jimmy POWERS, Plaintiff–Appellant,**

v.

**PROFESSIONAL RODEO COWBOYS ASSOCIATION, Defendant– Appellee.**

**No. 91CA0386.**

Colorado Court of Appeals, Div. IV.

May 7, 1992.

Carl H. Seeliger, Jr., Hughes & Dorsey, Susan L. Linsley, Denver, for plaintiff-appellant.

Holme Roberts & Owen, Randy G. Bobier, Walter H. Sargent, Colorado Springs, for defendant-appellee.

Opinion by Judge DAVIDSON.

Plaintiff, Jimmy Powers, appeals from an order of the trial court which denied his motion for voluntary dismissal without prejudice under C.R.C.P. 41(a)(1) and dismissed the action with prejudice under C.R.C.P. 41(a)(2). Plaintiff contends that the trial court abused its discretion. We affirm.

Plaintiff, a rodeo cowboy, was a director of defendant, Professional Rodeo Cowboys Association (PRCA), a Colorado nonprofit corporation. In June 1989, plaintiff sued PRCA, alleging that its policies violated his constitutional, statutory, and property rights by restricting him from copying and distributing its membership list and from communicating with PRCA members. According to his complaint, plaintiff was particularly concerned with a proposed contract concerning the national finals rodeo competition.

In June 1989, a hearing was held on plaintiff's motion for a preliminary injunction requesting that PRCA allow him to inspect and copy the membership list and to refrain from executing the contract until plaintiff could communicate with PRCA members. PRCA agreed to allow plaintiff to copy the membership list. After an evidentiary hearing on the remaining issue, the trial court denied the motion.

In pertinent part, the trial court found that, according to the PRCA articles of incorporation and bylaws, the decision on the rodeo finals contract was a determination of the board of directors, not the general membership. The court concluded: "It's simply a matter of the Board exercising their obligations and their fiduciary obligations and duties to those whom they represent to exercise their best judgment."

Later that month, plaintiff became involved with the incorporation in Texas of an entity called PRCA–Texas and began to circulate petitions calling for a special meeting of PRCA's members to determine whether PRCA should be dissolved with its assets conveyed to PRCA–Texas. In August 1989, plaintiff amended his complaint and added a request for a declaratory judgment that the members of PRCA have "the

right to vote on questions of merger and dissolution." He further requested an injunction requiring PRCA to call a special membership meeting to vote on the proposed merger with PRCA–Texas.

The trial court held an evidentiary hearing on plaintiff's motion for preliminary injunction on these new issues in October 1989. At the close of the evidence, the trial court denied the motion. It determined that plaintiff was unlikely to succeed on the merits of his claim because the decision on dissolution and merger is, according to PRCA articles of incorporation and bylaws, the sole determination of the board of directors, not the general membership. It also determined that plaintiff had "unclean hands" in the matter. The court did emphasize that its ruling was not a final determination on the merits and stated that it anticipated that a final ruling on the issues "could be done in an expedited manner without a whole lot of other evidence."

Five months later, noting no activity on the case, the court issued a show cause order as to why the case should not be dismissed for failure to prosecute. Plaintiff responded with a letter suggesting that the parties had been working to reduce the issues and requesting that the case be retained on the docket for 90 to 120 days. PRCA responded in April 1990, that, contrary to plaintiff's assertions, there had been no contact between the parties or counsel since October 1989. The trial court ordered that the case be retained on its docket until August 9, 1990, by which time the parties were to have attempted to narrow the issues, completed discovery, and set the matter for trial or other disposition.

On August 13, 1990, again noting no activity, the court issued a form notice to the parties requiring a written status report and a showing of cause as to why the case should not be dismissed for lack of progress. The notice stated that if no information was received by September 12, 1990, the case would be dismissed without prejudice without further notice.

On September 7, 1990, PRCA filed a letter in response to the notice. PRCA contended, in essence, that plaintiff had re-

quested that PRCA stipulate to a dismissal without prejudice, which, in PRCA's view, was an indication that "plaintiff knew [he] would lose [his] case on the merits and merely was seeking to start over again in another forum." Accordingly, PRCA objected to a dismissal without prejudice and requested that the case be dismissed with prejudice for lack of progress.

On September 12, 1990, plaintiff filed an unverified motion to dismiss the case without prejudice under C.R.C.P. 41 on the ground that "plaintiff is unable to further prosecute this case for financial reasons." PRCA filed an objection to the motion on September 14, 1990, requesting that the trial court deny plaintiff's motion and dismiss the case with prejudice under C.R.C.P. 41(b)(1).

On October 4, 1990, plaintiff filed a reply which alleged that no objection had been filed by PRCA, but "even if one were to consider the [letter] of September 7, 1990 as a response," the motion to dismiss without prejudice should be granted because PRCA had incurred "no legal prejudice," and plaintiff was "without sufficient funds to pursue the claim."

In an order dated November 7, 1990, the trial court denied plaintiff's motion to dismiss pursuant to C.R.C.P. 41(a)(1) and dismissed the action with prejudice under C.R.C.P. 41(a)(2). Citing plaintiff's failure to prosecute the action without sufficient explanation as to his failure to proceed after the denial of a preliminary injunction, the costs and efforts expended by PRCA, and the "excessive and duplicative expense of possible future litigation between the parties involving identical or similar claims and legal issues [at] a later date or in another court," the trial court found that granting plaintiff's motion to dismiss without prejudice would cause "legal prejudice" to PRCA. Accordingly, the trial court dismissed the action, concluding that the dismissal with prejudice was a "term and condition as the court deems proper." This appeal, timely filed, followed.

I.

The trial court's order is denominated an "order of dismissal with prejudice" and re-

cites the findings stated above. Although the order refers only to C.R.C.P. 41(a), the grounds stated by the court for the dismissal encompass factors also relevant to a dismissal under C.R.C.P. 41(b). Specifically, the court found that plaintiff had failed to prosecute or to bring the action to trial with due diligence for one year prior to the order.

Because C.R.C.P. 41 has several subsections with varying criteria for dismissal, and the precise basis of the trial court's order is not entirely clear, we first examine generally the requirements for voluntary and involuntary dismissals.

C.R.C.P. 41, as pertinent to the issues presented here, provides that an action may be dismissed by the plaintiff without court order before the filing of an answer or motion for summary judgment.

After such pleading has been filed, an action can only be dismissed by court order. The dismissal can be voluntary, that is, upon plaintiff's motion, "upon such terms and conditions as the court deems proper," C.R.C.P. 41(a)(2), or involuntary. C.R.C.P. 41(b). An involuntary dismissal can be done either upon defendant's motion, or by the court, for failure to prosecute or bring the action to trial with due diligence. C.R.C.P. 41(b)(1) and (2). If the dismissal is for failure to prosecute or bring the matter to trial with due diligence, it can be with prejudice, and the trial court is required to specify whether it is with or without prejudice. C.R.C.P. 41(b)(3).

## II.

Plaintiff argues that the trial court erroneously denied his motion to dismiss the case without prejudice. We do not agree.

## A.

Insofar as plaintiff submits that the trial court mischaracterized his motion for voluntary dismissal as a motion brought under C.R.C.P. 41(a)(1), we agree. Plaintiff's motion only refers to C.R.C.P. 41, and plaintiff correctly asserts that he did not, nor could he have brought a motion properly under C.R.C.P. 41(a)(1) since an answer had already been filed. *Alexander v. Morrison–Knudsen Co.*, 166 Colo. 118, 444 P.2d 397 (1968), *cert. denied*, 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d 706 (1969).

## B.

However, insofar as the trial court's order was based on C.R.C.P. 41(a)(2), it properly denied plaintiff's motion to dismiss without prejudice.

Preliminarily, we note that C.R.C.P. 41(a)(2) is identical to the corresponding federal rule. *Tillery v. District Court*, 692 P.2d 1079 (Colo.1984). Thus, we find guidance in our analysis from federal jurisdictions applying Fed.R.Civ.P. 41(a)(2) in similar situations.

The right to a voluntary dismissal without prejudice is not absolute. Rather, it is within the sound discretion of the trial court. *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir.1990). The request for dismissal under C.R.C.P. 41(a)(2) generally should be granted unless a dismissal would result in legal prejudice to the defendant. *Tillery v. District Court, supra* (citing several federal and state cases); *see* 5 *Moore's Federal Practice* § 41.05(1) (1991) (dismissal should in most cases be granted "unless the result would be to legally harm the defendant").

The court may award costs and fees as terms and conditions of dismissal, but the fact that the plaintiff may bring the same suit against the same defendant later in another court in and of itself is not sufficient prejudice to the defendant to warrant denying the motion to dismiss. *Tillery v. District Court, supra.* However, if a dismissal would unfairly prejudice the defendant, then it should be denied. *Kramer v. Butler*, 845 F.2d 1291 (5th Cir.1988).

Whether a voluntary dismissal would be prejudicial to a defendant depends on the circumstances of each case. In determining whether a dismissal without prejudice would cause harm to a defendant, the trial court should consider:

(1) the duplicative expense of a second litigation

(2) the extent to which the current suit has progressed, including the effort and expenses incurred by defendant in preparing for trial

(3) the adequacy of plaintiff's explanation for the need to dismiss

(4) the plaintiff's diligence in bringing the motion to dismiss

(5) any "undue vexatiousness" on plaintiff's part.

9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2364 (1971); *Zagano v. Fordham University, supra.*

■ Applying these factors, the trial court found that PRCA had suffered legal prejudice because of the costs and effort expended by defendant, the extent to which the case had progressed, plaintiff's insufficient explanation as to his failure to proceed with the case after denial of his requests for preliminary relief, and the expense of possible duplicative future litigation.

Based on the record here, we cannot say that the trial court abused its discretion in refusing to dismiss without prejudice. PRCA's alleged legal expenses of over $30,000 were unrefuted. More importantly, the case had proceeded to the point at which a trial on the merits was imminent and would have been relatively simple and inexpensive. As the trial court noted when it denied the preliminary injunction, the merits of the case could be heard expeditiously and without need for much, if any, additional evidence: "[P]laintiff has had the opportunity to fully litigate the issues framed by his pleadings and motions herein and in fact has substantially litigated those issues during several days of evidentiary hearings held herein." *See Kramer v. Butler, supra* (full evidentiary hearing on plaintiff's claims had already been conducted); *Kennedy v. Nicastro,* 94 F.R.D. 30 (N.D.Ill.1981) (dismissal without prejudice, "given this court's hard-won familiarity with plaintiff's claims and the burdens of this action [would] be a major misuse of judicial time").

In fact, from our examination of the record, it appears that the remaining issue for trial was primarily legal and that the trial court was very likely to rule in PRCA's favor. *See Pace v. Southern Express Co.,* 409 F.2d 331 (7th Cir.1969) (plaintiff was attempting to "deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic"); *Millsap v. Jane Lamb Memorial Hospital,* 111 F.R.D. 481 (S.D.Iowa 1986) (where defendant likely to win on merits, he would "clearly be prejudiced by a dismissal without prejudice at this late stage of the litigation [because] he is entitled to a final judgment of dismissal [on the merits]"); *see also Bowles v. South Pittsburg Coal Co.,* 7 F.R.D. 139 (E.D.Tenn.1945) (plaintiff should not be permitted to ascertain views of one court then dismiss without prejudice to obtain a different conclusion in another tribunal); *cf. Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947) (Fed.R.Civ.P. 41(a)(2) authorizes dismissal without prejudice during trial "where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim").

Moreover, plaintiff's motion was filed only after the case had languished for a year, after the court had sent out two orders threatening dismissal, and not until PRCA had submitted a request to the court to dismiss with prejudice for failure to prosecute. Although plaintiff's ostensible reason for requesting dismissal was that he was "financially unable to proceed," his assertion was unverified.

### III.

Having concluded that the denial of plaintiff's motion to dismiss without prejudice was not an abuse of discretion, we must now determine whether the dismissal with prejudice was proper.

### A.

Plaintiff contends that the dismissal with prejudice under C.R.C.P. 41(a)(2) was an abuse of discretion. Specifically, plaintiff argues that a dismissal with prejudice can-

not be an appropriate "term and condition" of a voluntary dismissal. We disagree.

■ In our view, C.R.C.P. 41(a)(2), at least implicitly, grants the trial court the ability to dismiss with prejudice. *See* C.R.C.P. 121 § 1–10 (an order of dismissal under the rule is without prejudice "unless otherwise specified"); 4 R. Hardaway & S. Hyatt, *Colorado Civil Rules Annotated* 41.4 (1985) ("the court may order [the dismissal] to be with prejudice if to order otherwise would lead to some injustice to the defendant which cannot be prevented by any other means"); *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir.1986).

■ We also disagree with plaintiff that the trial court "has no discretion to convert a voluntary proceeding to dismiss a case without prejudice to an involuntary dismissal with prejudice under C.R.C.P. 41(a)(2)." *Cf. Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3 (E.D.Pa.1972).

■ However, if a trial court places "terms and conditions" upon a dismissal under C.R.C.P. 41(a)(2) which are unacceptable to plaintiff, plaintiff is entitled to elect to proceed with the litigation. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2366 (1971); *Andes v. Versant Corp., supra.* Accordingly, plaintiff was entitled to elect to proceed to trial rather than to accept the terms and conditions of the dismissal—dismissal with prejudice.

From the record, it is abundantly clear that plaintiff does not seek to proceed with this litigation. Both parties note, and accordingly, so do we, that an identical lawsuit with a different named plaintiff is currently pending in federal district court. Moreover, neither in his reply to defendant's motion to dismiss with prejudice nor in his motion for reconsideration did plaintiff assert that, if his case could not be dismissed without prejudice, he would choose to proceed to trial. Similarly, on appeal, the relief plaintiff seeks is solely to direct the trial court to dismiss this case without prejudice. Although in his reply brief he asserts that he was denied an opportunity to argue either the merits of

his motion to dismiss without prejudice or the merits of his case, plaintiff does not request that, if the denial of his motion to dismiss without prejudice is upheld, he be allowed to proceed with the litigation.

### B.

Furthermore, even if a remand were otherwise appropriate to "afford plaintiff the opportunity to exercise [his] option to proceed with the litigation," *Andes v. Versant Corp., supra,* because the case also was properly dismissed under C.R.C.P. 41(b), it is unnecessary.

■ A trial court has the inherent power to dismiss a claim for failure to prosecute. Its determination to do so lies within its sound discretion. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340 (Colo.1985).

C.R.C.P. 41(b) provides that a case may be involuntarily dismissed on motion of the defendant or by the court if not prosecuted or brought to trial with due diligence. Although the court's order refers only to C.R.C.P. 41(a), the substance of the order indicates that it was additionally a dismissal under C.R.C.P. 41(b).

Plaintiff argues that the dismissal with prejudice was an abuse of discretion because he had no notice that the trial court was considering such action and had no opportunity to be heard. We disagree.

■ Before a case can be dismissed under C.R.C.P. 41(b), a party is entitled to reasonable notice and an opportunity to be heard. *See* C.R.C.P. 121 § 1–10. Plaintiff contends that he was misled by the series of orders issued by the trial court indicating that the action would be dismissed without prejudice unless further action was taken. Plaintiff argues that he filed his motion to dismiss in response to the court's August 13, 1990, show cause order to indicate his willingness to have the case dismissed without prejudice. He claims that he had no notice of the court's intention to convert his motion into a dismissal with prejudice. Therefore, he contends, the matter should be remanded to the trial

court so that he may be heard on his objection to a dismissal with prejudice.

 However, the record reveals that plaintiff, his protestations notwithstanding, was not taken by surprise. After plaintiff filed his motion to dismiss without prejudice, PRCA timely filed a response objecting to the dismissal without prejudice and requesting a dismissal with prejudice. In fact, the record indicates that PRCA's objection to the motion to dismiss without prejudice and proposed order with correct certificate of mailing was duly filed with the trial court on September 14, 1990.

Moreover, although plaintiff filed a reply on October 4, 1990, he claimed that he was responding only to the September 7 letter written by PRCA and that PRCA had not filed any objection to plaintiff's motion. In its motion for reconsideration of the court's order of dismissal with prejudice, plaintiff contended that even if it had been filed, he had not received PRCA's objection.

Under this "unusual" set of circumstances, we are led to the same conclusion as the trial court that "the fact that the [plaintiff replied] to the defendant's response to plaintiff's motion to dismiss without prejudice is ample evidence that the plaintiff was aware of the defendant's request for dismissal with prejudice."

Furthermore, unlike the situation in *Andes v. Versant Corp., supra,* in which the trial court, without explanation, issued an order dismissing plaintiff's case with prejudice on the same day that defendant's opposition to a dismissal without prejudice was filed, here plaintiff had and utilized two opportunities—in his reply to PRCA's motion in opposition and in his motion for reconsideration—to urge against a dismissal with prejudice.

Plaintiff also claims that because the trial court did not hold a hearing before ordering the dismissal he was denied an opportunity to be heard. We disagree.

 First, whether or not a hearing is allowed is discretionary with the trial court. *See* C.R.C.P. 121 § 1–10; C.R.C.P. 41. *See also Tillery v. District Court, supra* (hearing "may" be required to determine prejudice).

Secondly, although plaintiff claims that he was denied a hearing, the record indicates that he did not request one. There is no request for a hearing in any of his pleadings or communications filed with the court. Further, although plaintiff apparently did file two notices to set for hearing, there is nothing in the record to indicate that he actually telephoned the court to do so or that he was refused a setting.

 The trial court did not abuse its discretion in dismissing the case with prejudice, and accordingly, the order is affirmed.

CRISWELL and JONES, JJ., concur.