**FOOTHILLS MEADOW, a Colorado Limited Partnership, Plaintiff,**

**v.**

**David G. MYERS a/k/a David Myers; William Ambrosio; Shannon Realty & Development, Inc., a California corporation; and Rocco Realty, Inc., a California corporation, Defendants,**

**and Concerning Robert C. Abelman, Appellant,**

**and**

**Mark I. Schickman, d/b/a Law Offices of Mark I. Schickman, Appellee.**

**No. 90CA1738.**

Colorado Court of Appeals, Div. III.

May 7, 1992.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

Robert C. Abelman, pro se.

Mark I. Schickman, pro se.

Opinion by Judge METZGER.

Petitioner, Robert C. Abelman, appeals from the trial court's order denying his motion for declaratory judgment in an attorney's fee dispute with respondent, Mark I. Schickman. We affirm the trial court.

Abelman, then a Colorado attorney, and Schickman, a California attorney, were retained to represent a Colorado client for the collection of a promissory note. Terms of payment for these services were set forth in a contingent fee agreement executed by the client and both attorneys. Abelman accordingly filed a collection action on the note in the Denver District Court on July 22, 1986. Schickman was neither named nor listed as counsel of record in the action.

The dispute was ultimately resolved by stipulation of the parties, and pursuant thereto, the district court dismissed the case with prejudice on October 17, 1988. It is undisputed that following the dismissal, the client fully complied with the terms of the fee agreement and paid to Abelman all sums owing.

Abelman and Schickman then became embroiled in a dispute concerning the proper distribution between them of the attorney fees Abelman had received from the client. Schickman sued Abelman for, *inter alia,* breach of contract in the San Francisco, California, Municipal Court on August

23, 1989. Abelman was served with notice of this action and appeared in the California case by counsel, arguing by way of a motion to dismiss that the California court had no jurisdiction.

Although the California trial court agreed and dismissed the action, the dismissal was reversed on appeal to the California Superior Court, which returned the action to the municipal court with instructions that Abelman responsively plead to the complaint within 20 days. Abelman did not do so, and judgment accordingly entered against him on July 9, 1990. The judgment was not appealed.

In response to the initiation of the California action, on September 8, 1989, Abelman filed a "motion for declaratory judgment" in the underlying Colorado action seeking what he claimed was the proper distribution of the attorney fees. Schickman filed a "special appearance, response and objection" to the motion, contending that, since he had not been a party to the underlying action and was not counsel of record, the Colorado court had no jurisdiction over the matter. On June 7, 1990, the Denver District Court denied Abelman's motion for declaratory judgment, concluding that, while it had concurrent jurisdiction with the California court regarding the fee dispute, the California court action had priority "since the action was first filed in California."

On appeal, Abelman argues that the Colorado court has exclusive jurisdiction over the fee dispute because it is a matter ancillary to the underlying action. We disagree and conclude, under the circumstances here, that the Denver District Court had no jurisdiction whatsoever over the matter.

It is undisputed that neither Abelman nor Schickman was a party to the original Colorado debt collection action and that that action had been dismissed with prejudice more than a year before the "motion for declaratory judgment" was filed.

■ A dismissal with prejudice is a final judgment; it ends the case and leaves nothing further to be resolved concerning the dispute between the parties. *Lake Meredith Reservoir Co. v. Amity Mutual*

*Irrigation Co.*, 698 P.2d 1340 (Colo.1985); C.A.R. 1(a)(1); C.R.C.P. 41. *See also Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123 (Colo.1982). If, as here, the parties to an action stipulate to entry of judgment of dismissal with prejudice, the resulting judgment is final, and upon dismissal, neither the action nor the parties remain within the jurisdiction of the court. *See Columbia Savings & Loan Ass'n v. District Court*, 186 Colo. 212, 526 P.2d 661 (1974). Hence, the attempt here to revive a non-existent action by filing a motion asserting a new claim against one never a party was futile.

Citing *In re Estate of Reid*, 680 P.2d 1305 (Colo.App.1983), Abelman contends that, since this dispute involves the proper payment of attorney fees, the Colorado court retained jurisdiction of the matter. We disagree.

■ It is true that an attorney's charging lien for fees owed by the client may be asserted and enforced in the action which gave rise to the claim or, alternatively, in an independent action. *In re Marriage of Mann*, 697 P.2d 778 (Colo.App.1984). However, a claim for fees may not be brought in the original action when that case has been dismissed. *See Bye v. District Court*, 701 P.2d 56 (Colo.1985); *see also Murdock v. Cohen*, 762 P.2d 691 (Colo.App. 1988). Abelman's motion requested the court to adjudicate the claims to a fee fully paid by the client in a case dismissed nearly a year prior.

■ A court may not adjudicate the rights of persons not before it. *Columbia Savings & Loan Ass'n v. District Court, supra; In re Marriage of Weydert*, 703 P.2d 1336 (Colo.App.1985).

Abelman's claim did not involve a fee dispute between attorney and client; instead, the dispute was between two counsel, neither of whom was a party to the original action. Indeed, Schickman was not even an attorney of record in that action.

We accordingly conclude, albeit for reasons different from those given by the trial court, that denial of Abelman's motion for declaratory judgment was proper. In light

of this result, we need not address his further contentions of error. Finally, since we do not find the appeal to be insubstantial or frivolous, we reject Schickman's request for fees.

The judgment is affirmed.

CRISWELL and NEY, JJ., concur.