21CA1993 Marriage of Valdovinos-Cardenas 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 21CA1993
Garfield County District Court No. 21DR143
Honorable Denise K. Lynch, Judge

In re the Marriage of

Jose Guadalupe Valdovinos-Cardenas,

Appellant,

and

Flor Francisca Garcia-Gonzalez,

Appellee.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Defiance Law Firm, Peter A. Rachesky, Lara L. Horst, Glenwood Springs,
Colorado, for Appellant

No Appearance for Appellee

¶ 1     Jose Guadalupe Valdovinos-Cardenas appeals the district court's order (the dismissal order) granting Flor Francisca Garcia-Gonzalez's "forthwith motion to reconsider order on petitioner's motion to dismiss dissolution of marriage case" (the motion to reconsider).  (The parties' last names appear both with and without hyphens in the appellate record.  We hyphenate both last names, as Valdovinos-Cardenas did in his opening brief.)  We affirm.

I.     Background and Procedural History

¶ 2     Garcia-Gonzalez filed a petition for dissolution of her alleged common law marriage to Valdovinos-Cardenas.  In his response, Valdovinos-Cardenas asserted that the parties "are not now, nor have ever been, married, either by statute or the common law."  In addition, Valdovinos-Cardenas asked the court to enter orders regarding the "status of the marriage" and attorney fees and costs.

¶ 3     Garcia-Gonzalez filed a "forthwith motion to dismiss dissolution of marriage case" and, a week later, an amended motion (the amended dismissal motion).  In the amended dismissal motion, Garcia-Gonzalez explained that she "no longer wishes to pursue this Dissolution of Marriage case, withdraws all claims associated with such, and requests that this Court dismiss the action with

1

prejudice and vacate all other deadlines in this case."  In support of her request, she cited C.R.C.P. 41(a)(2), which provides for voluntary dismissal of a civil action "upon order of the court and upon such terms and conditions as the court deems proper."

¶ 4     Garcia-Gonzalez explained that she was asking the court to dismiss the case *with prejudice* in response to Valdovinos-Cardenas's concern that she "might allege common law marriage in a future dissolution of marriage filing" or "as a defense in any property dispute" regarding Valdovinos-Cardenas's house, in which she was living.  Garcia-Gonzalez said she was moving to dismiss the case with prejudice "[i]n order to resolve those concerns."

¶ 5     The court denied the amended dismissal motion following a hearing, saying that Garcia-Gonzalez had not "affirmatively state[d] that she wants the case dismissed because there is no common law marriage" and that "[t]here needs to be a judicial determination as to whether or not there is a common law marriage or [Valdovinos-Cardenas] will be prejudiced."

¶ 6     Garcia-Gonzalez filed the motion to reconsider five days later. In that motion, she explained that dismissal of the case with prejudice would "resolve the Court's concerns" because such a

dismissal "would likely preclude her from raising common law marriage as a defense in any property action."

¶ 7 Garcia-Gonzalez further asserted in the motion to reconsider that she was "attempting to end unnecessary litigation by requesting the Court dismiss a case in which there is no disputed issue of fact or law." She noted that Valdovinos-Cardenas "has stated there is no marriage and [Garcia-Gonzalez] has withdrawn her claim that a marriage exists and has no objection to a judicial finding to that effect."

¶ 8 In his response to the motion to reconsider, Valdovinos-Cardenas requested that the court not dismiss the case because the parties' ongoing disputes hinged on whether they were common law spouses, including their dispute concerning whether Valdovinos-Cardenas could "return to the house and [Garcia-Gonzalez] . . . [must] live elsewhere." Valdovinos-Cardenas said he would be prejudiced if the court dismissed the dissolution of marriage case because he would "have to initiate one or more separate lawsuits in order to achieve the same relief he may achieve in this one action."

¶ 9 The court granted the motion for reconsideration and entered the dismissal order. In the dismissal order, the court cited *Powers*

*v. Professional Rodeo Cowboys Ass'n*, 832 P.2d 1099 (Colo. App. 1992), as authority for dismissing the case with prejudice. Unlike this case, however, *Powers* concerned a dispute over whether the case should be dismissed with or without prejudice. But the division's holding regarding the standard of review applies here: granting a motion for voluntary dismissal under C.R.C.P. 41(a) is "within the sound discretion of the trial court." *Id.* at 1102.

¶ 10 In *Powers*, the division articulated factors a court should consider when deciding whether dismissal of a case *without* prejudice would result in harm to the defendant and whether the risk of such harm warrants dismissal of the case *with* prejudice. *Id.* at 1102-03. In this dissolution of marriage proceeding, the court concluded that the *Powers* factors "favor[] a dismissal of the case with prejudice."

¶ 11 Valdovinos-Cardenas appeals the dismissal order.

## II. Analysis

¶ 12 C.R.C.P. 41(a) governs voluntary dismissal of a civil case. Subject to exceptions not at issue in this appeal, a plaintiff may voluntarily dismiss an action "without order of court" by (1) "filing a notice of dismissal at any time before filing or service by the adverse

party of an answer or of a motion for summary judgment, whichever first occurs"; or (2) "filing a stipulation of dismissal signed by all parties who have appeared in the action or by their attorneys." C.R.C.P. 41(a)(1). Such voluntary dismissals are without prejudice unless otherwise stated in the notice of dismissal or the stipulation. *Id.*

¶ 13    In cases like this one, to which C.R.C.P. 41(a)(1) does not apply because the adverse party filed the equivalent of an answer, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." C.R.C.P. 41(a)(2). "[A] request for dismissal under C.R.C.P. 41(a)(2) generally should be granted unless a dismissal would result in legal prejudice to the defendant." *Powers*, 832 P.2d at 1102. A court's grant of a voluntary motion to dismiss is without prejudice unless "otherwise specified in the order." C.R.C.P. 41(a)(2).

¶ 14    The decision to grant a motion for voluntary dismissal of a case without prejudice is "within the sound discretion of the trial court." *Powers*, 832 P.2d at 1102. We see no reason why the abuse of discretion standard of review should not also apply when the

5

moving party seeks the dismissal of her case *with prejudice.* *See* C.R.C.P. 41(a)(2) (allowing a court, "upon such terms and conditions as [it] deems proper," to "otherwise specif[y] in the order" that a dismissal is with prejudice). "A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or misapplies the law." *In re Marriage of Bergeson-Flanders*, 2022 COA 18, ¶ 10, 509 P.3d 1083, 1085.

¶ 15    In *Powers*, the division said that, when determining whether a dismissal without prejudice would result in harm to the defendant, the court should consider

> (1) the duplicative expense of a second litigation
>
> (2) the extent to which the current suit has progressed, including the effort and expenses incurred by defendant in preparing for trial
>
> (3) the adequacy of plaintiff's explanation for the need to dismiss
>
> (4) the plaintiff's diligence in bringing the motion to dismiss
>
> (5) any "undue vexatiousness" on plaintiff's part.

832 P.2d at 1102-03 (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2364 (1971)).

6

¶ 16    The court in this case concluded that the *Powers* factors favored dismissal of the case with prejudice.  A dismissal with prejudice "ends the case and leaves nothing further to be resolved concerning the dispute between the parties." *Foothills Meadow v. Myers*, 832 P.2d 1097, 1098 (Colo. App. 1992).

¶ 17    We perceive no abuse of discretion in the court's decision to dismiss the case with prejudice.  Unlike the plaintiff in *Powers*, Garcia-Gonzalez asked the court to dismiss her claims *with prejudice*, even though such an adjudication could impact her ability to file another dissolution of marriage case or to claim in a future case that she and Valdovinos-Cardenas were common law spouses.  As the court noted in considering the *Powers* factors,

- dismissing the case with prejudice would "alleviate any risk of a second litigation";

- the case had made little progress;

- no hearing had been set;

- Garcia-Gonzalez had been diligent in bringing the motion to dismiss;

- there was no evidence of "undue vexatiousness" on Garcia-Gonzalez's part;

7

- Valdovinos-Cardenas could commence an eviction action if he wished to remove Garcia-Gonzalez from the house; and

- Valdovinos-Cardenas would "get faster relief" in removing Garcia-Gonzalez from the house if he filed an eviction action against her.

*See Powers*, 832 P.2d at 1102-03.

¶ 18　Further, dismissal of this case with prejudice would not result in the type of harm that the defendant in *Powers* sought to avoid. In that case, the defendant argued that the "plaintiff knew [he] would lose [his] case on the merits and merely was seeking to start over again in another forum." *Id.* at 1101 (alteration in original). Unlike the plaintiff in *Powers*, Garcia-Gonzalez disavowed any intent to "start over again in another forum" and confirmed that intent by seeking a dismissal with prejudice. (We offer no opinion as to whether, despite these representations, Garcia-Gonzalez could allege in a future case that she and Valdovinos-Cardenas were married.)

¶ 19　Valdovinos-Cardenas does not focus on whether Garcia-Gonzalez could file a new dissolution of marriage case.

8

Rather, he argues that the entry of the dismissal order prejudiced him because it precludes him from obtaining a ruling *in this case* that he and Garcia-Gonzalez are not common law spouses and, therefore, would force him to file a separate lawsuit to obtain the adjudication he said he needed to evict her from his house. But Valdovinos-Cardenas does not explain why he had the right to obtain an adjudication of the status of his relationship with Garcia-Gonzalez in a dissolution of marriage case in which, upon Garcia-Gonzalez's withdrawal of her petition, neither party alleged the existence of a marriage nor sought the dissolution of a marriage.

¶ 20 The purpose of a dissolution of marriage case is to dissolve a marriage. While Valdovinos-Cardenas and Garcia-Gonzalez had ongoing disagreements at the time the court entered the dismissal order, those disagreements did not include a dispute regarding whether a marriage between them should be dissolved.

¶ 21 Therefore, once Garcia-Gonzalez withdrew her allegation that the parties were common law spouses and her claim for dissolution of marriage, the court did not abuse its discretion by dismissing the case with prejudice.

### III.   Disposition

¶ 22    The judgment is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.